St. Louis, Iron Mountain & Southern Railway Company

*v.* Bogan.

Opinion delivered March 10, 1906.

Railroad—liability for work done—acceptance.—Where the work of a subcontractor in clearing the right of way of a railroad company has been accepted by the engineers of the railroad company, the subcontractor is entitled to recover of the contractor and the railroad com-

pany, and it is too late to object that the plans and specifications which the company furnished to the contractor were not complied with.

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*B. S. Johnson,* for appellant.

Where a contract has reference to another paper for its terms, the effect is the same as if the words of the paper referred to were inserted in the contract. 1 Beach on Mod. Law of Cont. § 713; 9 Cyc. 582.

*P. D. McCulloch,* for appellee.

BATTLE, J. The Memphis, Helena & Louisiana ·Railway Company is a corporation organized under the laws of the State of Arkansas to construct a railroad from the city of Memphis, in the State of Tennessee, through the counties of Crittenden, St. Francis, Lee, Phillips, Desha and Chicot, in the State of Arkansas, and through the State of Louisiana to the City of New Orleans. C. J. Johnson was employed by this company to clear the right of way and to construct the road of the company from Marianna, Arkansas, to Memphis, Tennessee. G. W. Bogan was employed by Johnson to clear a portion of the right of way of the company by a contract in writing as follows:

"Pinckney, Ark., Aug. 22, 1903.

"Have this day let to G. W. Bogan the clearing on the M., H. & L. Ry. from station 1320 to station 1640, at the price of ($40) forty dollars per acre, it being understood that said Bogan has all the timber he wants on the same, and that he has an option on further four miles, provided he can get a force on same, quick work to commence at once, and be prosecuted as fast as possible. Work to be done according to the plans and specifications of the railway engineers in charge.

[Signed] "C. J. JOHNSON."

Upon this contract Bogan brought this action against Johnson and said railway company, alleging in his complaint that he had cleared fifty-six acres of said right of way; that thereafter the clearing of the right of way was discontinued, and he was not permitted to complete the performance of his contract; that there was due him for this work the sum of $2,240; that he had

been paid thereon the sum of $575, leaving a balance due him of $1,665, for which amount he asked judgment, and that the judgment be declared to be a lien upon the right of way, roadbed and the franchises of the railroad company.

The St. Louis, Iron Mountain & Southern Railway Company having purchased and become the owner of the franchises, right of way, roadbed and all other property owned by the Memphis, Helena and Louisiana Railway Company, was made a defendant in this action.

Johnson answered and admitted that he entered into the contract sued on, but denied that Bogan had cleared fifty-six acres of the right of way, and that he was indebted to him in any amount whatever. The other defendant answered, and denied that plaintiff had cleared any of the right of way as alleged.

The only question in the case is: How much of the work Bogan contracted to do was done by him? According to his testimony in the case, he cleared fifty-six acres. C. J. Onion, a civil engineer and surveyor, and experienced in the construction of railroads, testified that 51.35 acres were cleared. According to the testimony in behalf of the defendants, 24.60 acres were cleared. The defendants offered and the court refused to permit them to introduce in evidence the plans and specifications in accordance with which the right of way of the railroad company was to be cleared. The jury found that plaintiff was entitled to $1,520, less $576 which the evidence showed had been paid to him, leaving $944 unpaid, and also found that there was $23 interest due on this balance. Judgment was rendered accordingly, and the defendants appealed.

Appellants contend that the plans and specifications should have been admitted as evidence and considered in estimating what proportion of the work Bogan undertook to perform had been done and the amount due therefor. But no copy of the plans and specifications were delivered to Bogan. The contract was made with Johnson, and not with the railroad companies. He instructed Bogan as to what he should do in performance of the contract, and Bogan complied with his directions. The engineers of the railroad companies, employed for the purpose, inspected his work from time to time and approved it. He was doubtless induced by the directions of Johnson and the approval

of the engineers to perform his contract as he did, believing that he would be compensated therefor according to his contract. It is too late now to hold appellee responsible for the observance of plans and specifications after the right of way had been abandoned and he had been released from his contract, and thereby deprive him of compensation for labor performed by him and approved by all parties concerned.

Judgment affirmed.

McCULLOCH, J., being disqualified, did not participate.