Chandler *et al. v.* Beal *et al.*

No. 15,987.

## CHANDLER ET AL. *v.* BEAL ET AL.

EVIDENCE.—*Report of Drainage Commissioners not Competent.—Error.*—Reports of drainage commissioners are not competent evidence on an appeal from such assessments, and when proper objections are made and exceptions are taken, the admission of such evidence will constitute reversible error.

SAME.—*Location of Ditch.—In Discretion of Commissioners.—Can not Review in Absence of Fraud.*—The location of a ditch upon the best, cheapest and most available route is a matter left to the judgment of the commissioners, which, in the absence of fraud, is not subject to review by the court, and evidence to that effect should be excluded.

SAME.—*Exclusion of.—Immateriality.*—It was not error to refuse to allow the remonstrators to ask a witness on cross-examination if he did not go with the commissioners and direct them where to locate the ditch, as such evidence was immaterial.

COSTS.—*Uncalled Witnesses.—Manner of Taxing.—Discretionary with Court.*—The matter of taxing the costs of witnesses who were subpoenaed and were not called to testify on the trial, is a question largely in the discretion of the trial court.

From the Fulton Circuit Court.

*M. R. Smith* and *D. C. Justice,* for appellants.

*G. W. Holman* and *R. C. Stephenson,* for appellees.

MILLER, J.—This case is in this court a second time. *Bell* v. *Cox,* 122 Ind. 153.

After its return to the circuit court a trial was had upon the issue joined upon the petition and remonstrance, which resulted in the approval of the report of the drainage commissioners, and an order for the construction of the ditch.

The first question discussed in the briefs of counsel relates to the ruling of the court in permitting the petition and report of the commissioners to be introduced and read in evidence.

It is now well settled that the reports of drainage commissioners are not competent evidence on an appeal from

such assessments, and that when proper objections are made and exceptions taken the admission of such evidence will constitute reversible error. *Corey* v. *Swagger*, 74 Ind. 211; *Beck* v. *Pavey*, 69 Ind. 304; *Turley* v. *Oldham*, 68 Ind. 114; *McKinsey* v. *Bowman*, 58 Ind. 88; *Coyner* v. *Boyd*, 55 Ind. 166; *Freck* v. *Christian*, 55 Ind. 320.

Objections to the introduction of evidence must be made at the time it is offered, and the grounds of the objection stated with such reasonable certainty as to call the mind of the court to the rule or rules of law making it incompetent. Objections not stated to the court below will not be considered by this court on appeal. *Lake Erie, etc., R. W. Co.* v. *Parker*, 94 Ind. 91; *Binford* v. *Young*, 115 Ind. 174; Elliott's App. Procedure, section 779.

Where specific grounds of objection are stated, the implication is that there are no others, or, if others, that they are waived. Elliott's App. Procedure, section 775.

The objections to the admission of the evidence complained of are stated in the record as follows:

" Remonstrators then and there objected to the introduction of the report of the commissioners of drainage, but the court overruled the objection, and to this ruling the remonstrators then and there objected. Their objection was based on the ground that E. J. Deep, one of the commissioners, was not regularly appointed; they also objected to the report of the commissioners of drainage on the ground that it does not show that the proposed ditch will be sufficient to carry off all the water, and that one interested person, Zephaniah Beall, was a chainman, assisting the commissioners in locating the ditch; they also objected to the report on the grounds that after the viewers made their report showing they assessed land in " Union " township, it was inserted " Rochester " township, without the assembling of the commissioners to amend their report themselves.

" The court overruled the objections of the remonstra-

tors to the report, and to this ruling the remonstrators then and there excepted."

This objection not only did not specifically point out the grounds of objection urged to it in this court, but was well calculated to divert the attention of the court away from the record and authorities making the evidence incompetent.

The appellants offered to prove by a number of witnesses that the route selected for the proposed ditch was not the most practicable, but that another route would accomplish the purpose of drainage better, cheaper and be more practicable; that the ditch as located would not drain appellants' lands, but would injure them. The court rejected the proffered proof, and proper objections and exceptions were made. The statements contained in the offer to the effect that the ditch would not drain the appellants' lands were merely incidental to the proposition that another and different route should have been selected.

The court did not err in refusing this evidence. The location of the ditch upon the best, cheapest and most available route was a matter left to the judgment of the commissioners, which, in the absence of fraud, was not subject to review by the court. *Anderson* v. *Baker*, 98 Ind. 587; *Heick* v. *Voight*, 110 Ind. 279; *Meranda* v. *Spurlin*, 100 Ind. 380.

It was not error to refuse to allow the remonstrators to ask a witness on cross-examination if he did not go with the commissioners and direct them where to locate the ditch. We find nothing in the original examination of the witness to make such cross-examination pertinent. Nor does it appear to be at all material whether he did, or did not, render such assistance to the commissioners.

The court overruled a motion to tax the fees and mileage of certain witnesses to the appellees, for the reason that they had been subpœnaed by the appellees and not called to testify on the trial.

We can not say that the court erred in overruling this motion. It may have been that the course of the appellees in having the witnesses present to testify was the mere exercise of common prudence to meet anticipated evidence of the appellant. It may have been that the conduct of the appellant was such as to cause the appellees to believe that their presence in court was necessary. Such matters are necessarily left much to the discretion of the trial court. *Ohio, etc., R. W. Co.* v. *Trapp*, 4 App. 69; *Alexander* v. *Harrison*, 2 Ind. App. 47.

Judgment affirmed.

Filed Nov. 18, 1892