## WEBB v. SWEENEY.

[No. 4,620. Filed December 11, 1903.]

APPEAL.—*Evidence Introduced for a Certain Purpose.*—The Appellate Court will not limit evidence to the single purpose for which it was introduced, and thereby reverse the cause for want of evidence.

From Perry Circuit Court; *E. M. Swan*, Judge.

Action by Louise Sweeney against John M. Webb. From a judgment for defendant on his cross-complaint, the defendant appeals, asserting that the judgment is too small. *Affirmed.*

*J. T. Patrick* and *O. C. Minor*, for appellant.
*C. A. Weathers*, for appellee.

WILEY, P. J.—December 26, 1896, appellant and appellee entered into a contract in writing, whereby the latter agreed to convey to the former certain real estate upon conditions named. The consideration appellant was to pay was $100, for which he executed three notes. He paid one of said notes, amounting to $34, and took possession of the real estate. He made valuable improvements thereon, but refused to pay the balance of the purchase price, on the ground that appellee did not have, and could not convey to him, a good title. After occupying the real estate for some time, and after having made valuable improvements thereon, appellant surrendered his possession. Thereupon appellee brought this action on the contract, and to enforce specific performance.

As to the complaint, issues were joined by answer and reply. Appellant filed a cross-complaint, or counterclaim, asking affirmative relief for the money he had paid and the improvements he had made. By one paragraph of appellee's reply she set up the fact that appellant had been in possession and occupied the premises from January

1, 1897, until the 1st day of August, 1900; that the rental value of said premises during said time was $6 per month, for which she demanded judgment. Upon the issues thus joined, the cause was tried by the court, resulting in a finding and judgment for appellant on his cross-complaint for $138.42. Appellant's motion for a new trial on the ground that the decision of the court was contrary to law, and not sustained by sufficient evidence, and that the assessment of the amount of recovery was erroneous—being too small—was overruled, and such ruling presents the only question under the assignment of error which counsel have discussed.

There is no substantial conflict in the evidence as to the value of the improvements put upon the real estate by appellant. Three or four witnesses testified as to their value, and they differed only as to the value of such improvements according to their individual judgments, and there was very slight variation in the amounts fixed by them. The lowest amount fixed by any witness for such improvements was $249, and the highest amount by any one witness was about $275.

It seems to be conceded by the appellee that, under appellant's cross-complaint, he was entitled to be allowed, as against appellee's cause of action, the reasonable value of the improvements he put upon the real estate, in addition to the $34 which he had paid under his contract. As against the amount thus due appellant, appellee was entitled, under her fifth paragraph of reply, to have set off the reasonable rental value of the premises during appellant's occupancy thereof, provided any evidence was introduced of what such rental value was. It is appellant's contention that there is no evidence in the record as to that value. Before the beginning of this action, the appellant and appellee entered into a written agreement to submit the matters in controversy between them to arbitration. The arbitrators were selected, heard evidence, and made their

award. They found that the improvements made by appellant were of the value of $275, and that the rental value of the real estate for the time he occupied it was $4 per month. Appellee refused to abide by this award. Upon the trial of the cause the award was introduced in evidence over appellee's objection, for the sole purpose, as disclosed by the record, to establish the fact that both parties had agreed to abandon the contract sued on. Appellant himself introduced this award over the objection of the appellee. Upon proper objection, the introduction of the finding of the arbitrators should not have been introduced in evidence, for it was not competent; but, the appellant having introduced it, it must be regarded as in the record, and there for all purposes, and he is not entitled now to say that there was not some evidence in the record as to the rental value of the premises. It is the established rule that objections not made to evidence in the trial court will not be considered on appeal. *Chandler* v. *Beal,* 132 Ind. 596; Elliott, App. Proc., 779.

The grounds of objection to the introduction of the award were not well taken, and any other objections that might have been made are waived. Elliott, App. Proc., 775; *Chandler* v. *Beal, supra; Bozarth* v. *McGillicuddy,* 19 Ind. App. 26; *Bingham* v. *Walk,* 128 Ind. 164; *Stout* v. *Rayl,* 146 Ind. 379; *Lauter* v. *Simpson,* 2 Ind. App. 293.

In the case of *Bohr* v. *Neuenschwander,* 120 Ind. 449, it is held that the report of drainage commissioners in a ditch proceeding is inadmissible in evidence in a proceeding where a remonstrator is contesting both the report and the petition. But it was held, also, that when it was introduced in evidence it was before the court for consideration with other evidence in the case. The court said: "When the court overruled the appellant's objection, and allowed the commissioners' report to be read in evidence, this was a decision that it was competent evidence; and if competent evidence, when the court came to make up its finding it was its duty to

Webb *v.* Sweeney.

consider it and weigh it as part of the evidence in the case, and we must presume that it did so weigh and consider it."

While the report of the arbitrators was not competent evidence for any purpose if proper objections had been made, we must hold, under the decision last cited, that when it was introduced it became a part of the evidence in the cause, and the court was authorized to consider it with other evidence. No other evidence was introduced showing the rental value of the premises while they were occupied by appellant, but it can make no difference under the rule declared in that case.

Appellant contends, however, that even though the report of the arbitrators, finding the rental value of the premises, is considered as evidence, the judgment is wrong. It is possible that the amount determined by the court as due appellant, after deducting from the amount due him on account of improvements made and money paid the rental value of the premises, as determined by the report of the arbitrators, is not mathematically correct, but the difference is so small that we do not think the judgment should be disturbed on that account. Courts do not deal in trifles, and it is the policy of the law to put an end to litigation. We think that justice will be done both parties by allowing the judgment to stand.

Judgment affirmed.

Roby, J., concurring. The party offering evidence can not, in my opinion, by the statement that he offers it for a certain purpose, deprive his adversary of the benefit thereof, and of the legitimate inferences therefrom.