## WEAVER v. BROWN ET AL.

[No. 7,722. Filed November 20, 1912.]

1. APPEAL.—*Assignment of Errors.—Waiver.—Briefs.*—Errors assigned, but not presented by appellant in the points and authorities, or in the argument, in his brief, are waived. p. 382.

2. APPEAL.—*Presentation of Grounds of Review.—Objections to Evidence.*—Objections to the introduction of evidence must be made at the time it is offered, and the grounds of objection stated with such reasonable certainty as to call the mind of the court to the rule or rules of law making it incompetent, or they will not be considered on appeal. p. 383.

3. CONTRACTS.—*Action for Breach.—Pleading.—Evidence.*—In an action by a sub-contractor who did part of the work on a brick building, where the complaint alleged the making of the contract, and that, by subsequent agreement, part of the work required to be done by him was omitted, and that a specified amount was a reasonable credit for the same, it was proper for defendants to prove, under the general denial, the entire agreement by which such work was omitted, or their version thereof, and that a greater deduction should be made from the contract price. p. 384.

4. PLEADING.—*General Denial.—Facts Provable.*—Under the general denial, in addition to negative proof in denial of the facts stated in the complaint as a cause of action, defendant may introduce proof of facts independent of those alleged in the complaint, but which are inconsistent therewith, and tend to meet and break down or defeat the plaintiff's cause of action. p. 384.

5. WITNESSES.—*Contradiction.—Evidence.*—In an action by a sub-contractor to recover for work done, where he testified that a credit allowed by him for omitted work was a reasonable credit, evidence of an agreement by plaintiff to allow a much larger credit was competent for the purpose of contradicting and rebutting his evidence as to the value of the work, and as an admission of such value made by him before testifying. p. 385.

6. APPEAL.—*Review.—Objection to Evidence.—Theory of Action.*—Where it appears that the case was tried below on the theory that certain evidence was within the issues tendered, the parties will be held to that theory on appeal. p. 385.

7. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—In an action by a building contractor, the admission of a statement made by the architect in plaintiff's absence was harmless, where there was other evidence given in the case before such statement was admitted, to the effect that the architect had made the same statement in plaintiff's presence. p. 386.

From Superior Court of Marion County (78,082); *Clarence E. Weir,* Judge.

Action by George A. Weaver against George W. Brown and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*D. A. Myers, J. T. Lecklider* and *H. A. Fenton,* for appellant.

*Ayers & Jones,* and *W. W. Hammond,* for appellees.

HOTTEL, C. J.—Appellant brought this action to recover a balance alleged to be due him on account of work done and material furnished by him in the construction of a brick building under a contract between him and appellees, Henry and Louis Brandt, doing business under the firm name of "Brandt Brothers". The complaint also included an item designated an "extra", for which recovery was asked. The case was tried by the court. There was a finding for appellant as to the one item of "extra", $5.75, but against him as to his principal claim and for costs.

The facts in the case necessary to show the nature of the question presented are as follows: The firm of Brandt Brothers was employed by appellee Brown under a general contract for the construction of a certain brick building on real estate situated in the city of Indianapolis and owned by said Brown. Brandt Brothers sublet the brick work to appellant, under the written contract, which is the basis of this action. While the work was being done, the building inspector of Indianapolis discovered that certain tile partition walls, included in appellant's contract, were not sufficient under the building regulations of said city, and ordered the metal or fire-proof walls to be substituted therefor. This latter class of work, not being in appellant's line, was, by mutual consent, elimated from the contract, and the point in dispute in this action is the amount which should be deducted from the original contract price for this omitted work.

In his first paragraph of complaint, appellant set forth the facts in substance as above, made his contract an exhibit with his complaint and alleged that he had "performed each and all the conditions imposed upon him under the terms of said contract, and that he had completed his work as required and to the satisfaction of the owners of the property; * * * that he performed * * * extra labor and furnished extra material for a coal vault aggregating $5.75; * * * that he has given the defendants credit for omitted tile walls, which was omitted at the direction of the owners of said real estate, which credit amounts to $352.87, and that this constitutes and is a reasonable credit for such omitted work; that there is due and unpaid to him * * * the sum of $397.13 together with. interest; * * * that to secure the payment of his said claim he * * * filed a notice of his intention to hold a Mechanic's Lien against said premises, which was duly recorded," etc.

On these facts, appellant asked judgment against Brandt Brothers for $500, a foreclosure of his lien against the real estate, and that the same be declared superior to that of other named appellees.

A second paragraph of complaint differed from the first in that it averred that appellee Brown in his settlement with Brandt Brothers retained the full amount due appellant, and agreed to settle with, and to pay him the amount due under his contract with Brandt Brothers, and asked personal judgment against Brown and Brandt Brothers, etc.

To these paragraphs a general denial was the only answer filed. A cross-complaint filed by Brandt Brothers averred the execution of their contract for the erection of the building for Brown, and the completion of the same according to the terms of the contract; that after they had completed the work on said building they made a settlement with Brown of all claims and demands growing out of said building; "that at and prior to such settlement, the said George W. Brown represented to cross-complainants that he had

secured a settlement with the plaintiff for certain omitted work that was specified in plaintiff's contract, and that such omitted work amounted to the sum of $750.00, which sum was deducted by said Brown in said settlement with cross-complainants. That relying upon such representations made by said George W. Brown, cross-complainants consented to receive from the said Brown at the date of their settlement the amount due them less said $750. That by reason of the facts herein stated  *   *   *  whatever judgment the plaintiff may recover upon the contract sued upon, the decree should provide that said judgment be rendered against George W. Brown, as principal, and these defendants as surety.''

A general denial to the cross-complaint closed the issues. In this connection we should state that demurrers to each paragraph of the complaint by certain appellees hold-

1. ing liens on the lot on which said building was erected were sustained, and each of such rulings assigned as error, but no presentation of the same is made by appellant in his points and authorities or in the argument in his brief. They are therefore waived.

Appellant filed a motion for a new trial, which was overruled and exceptions properly saved. The ruling on this motion is assigned as error, and is the only ruling of the court below presented for review by appellant's brief.

The substance and effect of appellant's position is that the trial court erred in admitting evidence under the general issue as to an alleged verbal agreement on the part of appellant made subsequent to the date of the original contract to allow a credit of $750 for the omitted work, resulting from the change in plans and specification required by the city building inspector. Appellant contends that such testimony should have been excluded in the absence of a plea of payment, counterclaim or set-off.

Appellant has failed clearly to point out the several items of evidence which he considers to have been erroneously

admitted, but an examination of the record discloses
2.  that much of the evidence relative to the alleged ver-
bal agreement was received without objection on the
part of appellant, and that of the three objections he did
make, two had no reference to the competency of the testi-
mony under the issues as framed, and the ruling on the third
was in appellant's favor. It is well settled that "objections to
the introduction of evidence must be made at the time it is
offered, and the grounds of the objection stated with such
reasonable certainty as to call the mind of the court to the
rule or rules of law making it incompetent. Objections not
stated to the court below will not be considered by this court
on appeal." *Chandler* v. *Beal* (1892), 132 Ind. 596, 597,
32 N. E. 597. See, also, Elliott, App. Proc. §779. It is clear
that appellant, under this above rule of law, has not saved
and presented the alleged error in the admission of the evi-
dence of such agreement.

It is earnestly insisted, however, that the evidence should
not have been considered by the court in any event, because
it was outside the issues tendered by the pleadings, and that
with this evidence excluded the decision of the court is not
sustained by sufficient evidence and is contrary to law.

We agree with appellant in his contention that the deci-
sion of the court below must rest on this evidence, other-
wise appellant should have recovered in some amount on
his contract. We are therefore required to determine (1)
whether such evidence was admissible under the issues ten-
dered, and (2) if not admissible under the issues, when
properly objected to, did the failure to make such objection,
at the time the evidence was offered and admitted, deprive
appellant of the benefit, on appeal, of questioning the suffi-
ciency of the evidence to sustain a decision of the court be-
low which necessarily rested in part on such evidence.

In order that appellant might recover on his contract sued
on, as originally executed, it was necessary for him to allege
and prove performance of all its conditions on his part

to be performed. Appellant makes this general averment in his complaint, but follows it with a specific averment which controls the general averment, and which shows that the terms of the contract as originally executed had not in fact been complied with by appellant, but that, on the contrary, there had been a modification of the contract, and that certain tile walls required by it had been omitted, and that a credit for such omission was allowed in the sum of $352.87, which it is averred is a reasonable credit for such omitted work. Giving appellant the benefit of this averment, it is shown that the contract as originally made was by some arrangement or agreement of the parties so modified that a considerable item of work and material was omitted, and not performed by appellant. Under such an averment it was certainly proper for appellees to show under the general denial the entire agreement, or their version of the agreement, by which the contract was modified and the work and material omitted, including the amount to be deducted from the contract price on account of such omission, if such amount was in fact fixed and agreed on as a part of the agreement for such modification and omission.

"A defendant, under the general denial, is not confined to negative proof in denial of the facts stated in the complaint, as a cause of action, but may, upon the trial, introduce proof of facts independent of those alleged in the complaint, but which are inconsistent therewith, and tend to meet and break down or defeat the plaintiff's cause of action." *Jeffersonville Water Supply Co.* v. *Riter* (1897), 146 Ind. 521, 526, 45 N. E. 697, and authorities cited. See, also, *Gwinnup* v. *Shies* (1903), 161 Ind. 500, 502, 69 N. E. 158; *Indiana Trust Co.* v. *Finitzer* (1903), 160 Ind. 647, 650, 651, 67 N. E. 520; *Indiana, etc., Oil Co.* v. *O'Brien* (1903), 160 Ind. 266, 279, 65 N. E. 918, 66 N. E. 742; *Cheney* v. *Unroe* (1906), 166 Ind. 550, 556, 77 N. E. 1041, 117 Am. St. 391.

This evidence was properly admitted for another reason.

The averments above set out put in issue the value of the omitted work and material, and appellant, to prove this averment, testified, in effect, that the amount averred in the complaint was the reasonable value of such work and material. Granting, without deciding, that appellees, under their general denial, were limited in their proof to the *quantum-meruit* rule, and could not prove, as part of the arrangement for the omitted work, an agreement by appellant to do the work for a fixed amount, yet the evidence that appellant had agreed to allow a credit for a sum much larger than the sum which, on the witness-stand, he said was a reasonable credit was competent for the purpose of contradicting and rebutting his evidence as to the value of the work, and as an admission of such value made by him before testifying.

Our conclusion, that this evidence was admissible under the issues as tendered, makes unnecessary the decision of the second question above. We may remark, however, in this connection, that there is some conflict in the decided cases on the question of whether the failure to object to evidence outside of the issues authorizes its consideration by the trial court. On this question see the following cases: *Denbo* v. *Wright* (1876), 53 Ind. 226, 229; *Doherty* v. *Holliday* (1894), 137 Ind. 282, 287, 32 N. E. 315, 36 N. E. 907; *Chandler* v. *Beal, supra; Graves* v. *State* (1889), 121 Ind. 357, 23 N. E. 155; *Riehl* v. *Evansville Foundry Assn.* (1885), 104 Ind. 70, 74, 3 N. E. 633; *Webb* v. *Sweeney* (1903), 32 Ind. App. 54, 69 N. E. 200; *Stephens* v. *Lawson* (1844), 7 Blackf. 275; *Stewart* v. *Goodrich* (1880), 9 Mo. App. 125, 127; 2 Elliott, Evidence §881.

Our examination of all the pleadings in the case, in connection with the evidence introduced thereunder, and the objection thereto, convinces us that the case was tried below on the theory that this evidence was within the issues tendered, and the decisions all agree that

on appeal the parties will be held to the theory on which the case was tried. *Oölitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639, 644, 83 N. E. 246, and authorities cited; *Diggs* v. *Way* (1899), 22 Ind. App. 617, 621, 51 N. E. 429, 54 N. E. 412; Elliott, App. Proc. §§489, 490; *Adams* v. *Davis* (1887), 109 Ind. 10, 21, 9 N. E. 162; *Southern R. Co.* v. *Crone* (1912), *ante*, 300, 99 N. E. 762. So from either point of view we are convinced that appellant is not entitled to a reversal of the cause on said grounds.

It is next insisted that the trial court erred in admitting in evidence a conversation had, in the absence of appellant, between appellee Louis Brandt and the architect 7. who superintended the building in question. That part of the answer responsive to the question objected to is as follows: "Then Mr. Wallingford gave me the price for Mr. Weaver as a reduction of $750.00 for the tile partitions and after knocking that off, putting in the fire proofing system would make it at $1,000 extra."

Whether this conversation, in appellant's absence, and standing alone, with the subject-matter of the same in no way brought to the knowledge of appellant, would have been admissible as a part of the *res gestae* of the agreement or arrangement made between the parties as to the work and material omitted from the contract sued on, we need not decide, because there was other evidence given in the case before this was offered and admitted, to the effect that the architect discussed the same subject with appellant and told him substantially what he told appellee Brandt, and that in response thereto appellant told him, in effect, to go ahead, that he would stand for the credit of $750. This other evidence given in the cause, to say the least, rendered the evidence objected to harmless.

We find no available error in the record.

Judgment affirmed.

Note.—Reported in 99 N. E. 825. See, also, under (1) 3 Cyc. 388; (2) 38 Cyc. 1378, 1390; (4) 31 Cyc. 693; (5) 40 Cyc. 2687;

(6) 2 Cyc. 672; (7) 38 Cyc. 1422. As to evidence admissible as bearing on the credibility or bias of a witness, see 82 Am. St. 25. As to the estoppel of a party to an appeal to assume an attitude inconsistent with that taken by him in the lower court, see 8 Ann. Cas. 487.