IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1923, AND MAY
TERM, 1924, IN THE ONE HUNDRED NINTH
YEAR OF THE STATE.

---

MONTGOMERY, ADMINISTRATOR, *v.* MONTGOMERY.

[No. 11,671. Filed October 4, 1923. Rehearing denied November
16, 1923. Transfer denied January 11, 1924.]

1. EXECUTORS AND ADMINISTRATORS.— *Conversion of Estate.—
Examination.—Statute.*—Where the administrator of an estate
filed a petition alleging that the defendant had possession of
certain property of the estate and had converted the same to
his own use and refused to account therefor, and praying that
the defendant be cited to appear before the court to be ex-
amined under oath touching the matters alleged in the peti-
tion, but there was a trial, at which numerous witnesses were
examined and cross-examined, the defendant not being exam-
ined either orally or in writing, the trial being followed by a
judgment, motions by the petitioner to modify the judgment
and for a new trial, *held* that the petition was sufficient to
authorize a proceeding under §2818 Burns 1914, §2300 R. S.
1881, but that the parties, by their conduct of the proceeding,
had construed it to be under §2775 Burns 1914, §2258 R. S.
1881, relative to proceeding against persons that have inter-
meddled with an estate. p. 4.

2. PLEADING.— *Theory of.— Prayer for Relief.— Statute.*— The
theory of a pleading is determined from its general scope and
averments, and is not controlled by the prayer for relief, nor
is the relief granted controlled by its concluding prayer (§394
Burns 1914, §385 R. S. 1881). p. 4.

3. PLEADING.—*Theory of.—Determination on Appeal.*—On ap-
peal in determining the theory of a pleading, the court will

examine the evidence as well as the pleadings, and the parties will be held to the theory they adopted in the trial court.    p. 5.

4. JUDGMENT.—*Motion to Modify.*—*Theory of Case.*—On a motion to modify a judgment, the court cannot look beyond the pleadings for the theory of the case, but that means the pleadings as construed by the parties.    p. 6.

From Jackson Circuit Court; *James A. Cox,* Judge.

Action by Otto C. Montgomery as administrator against J. Ulysses Montgomery. From a judgment in favor of defendant, the plaintiff appeals. *Affirmed.*

*Fae W. Patrick, Clarke & Clarke* and *Edward P. Elsner,* for appellant.

*Barnes & Barnes,* for appellee.

NICHOLS, J.—This is an action against appellee begun by filing a petition in substance as follows:

"The undersigned, administrator of the estate of Elizabeth Montgomery, deceased, complains of the defendant and says that he is informed, and has good reason to believe, that said decedent was, at the time of her death, the owner among other things, of certain property of the value of $1,500. (Here follows description of property, being three notes, $100 cash and household goods.) That said property constitutes a part of the assets of said estate to be administered; that he believes said property to be in the possession of said defendant, who conceals the same and refuses to deliver possession or give any account thereof to the undersigned administrator, and plaintiff believes, and charges the fact to be, that said defendant has converted said property to his own use and refuses to account therefor, although such possession and accounting have been demanded by your petitioner, plaintiff herein, as such administrator, before the bringing of this action. Wherefore plaintiff prays the court that defendant be cited to appear in this court to be exam-

ined under oath touching the matters in this complaint alleged and set forth and that he be ordered and directed to produce in court at said time for inspection said three notes above described.

Otto C. Montgomery,
Administrator of the estate of Elizabeth
Montgomery, deceased."

The petition was verified.

Appellee answered in general denial and there was a trial, at which numerous witnesses were examined, but there was .no examination, either oral or written, of appellee. After taking the case under advisement, the court rendered the following finding and judgment.

"OTTO C. MONTGOMERY,
　　as administrator, etc.

　　　　　v.

J. Ulysses Mongomery.

"Come again the parties and the court being sufficiently advised in the premises finds for the defendant and that the plaintiff take nothing by reason of said action as herein sued on and that the costs of this action be taxed to the estate of Elizabeth Montgomery.

"It is therefore, considered and adjudged by the court that the plaintiff take nothing by reason of this action as herein sued on."

There was judgment for costs in favor of appellee.

Appellant filed his motion to correct and modify judgment: "By striking out all the matter entered under the caption of this cause in the Order Book and Judgment Docket of this Court and in lieu thereof insert the following,

" 'Comes now the parties and this hearing and examination is now closed and the Court orders the costs of this action taxed to the estate of Elizabeth Montgomery, deceased.' "

Appellant also filed a motion for a new trial. Each of these motions was overruled and appellant now prosecutes this appeal.

Appellant says that his petition was filed under the provisions of §2818 Burns 1914, §2300 R. S. 1881. This section provides that: "Upon complaint made to 1,2. the court by any executor or administrator, under oath, against any one suspected and believed to have concealed, converted or conveyed away any of the goods of the deceased, such court may cite such person to appear before it and to be examined, on oath, upon the matter of such complaint; and if the person thus cited shall refuse to appear and to answer such interrogatories as shall be lawfully propounded to him, the court may commit such person upon order of attachment, to the jail of the county until the interrogatories propounded by the court shall be answered on oath; and all such interrogatories and the answers thereto shall be in writing, and signed by the party examined, and filed in such court."

It will be observed that the section provides only for a written examination under oath of the person suspected. No doubt, the petition is sufficient to authorize a proceeding under this section, but it is also sufficient to authorize a proceeding under §2775 Burns 1914, §2258 R. S. 1881, which provides that: "Every person who shall unlawfully intermeddle with any of the property of a decedent, shall be liable in an action therefor in any court of competent jurisdiction. Such action may be brought by * * * the administrator of his estate * * * and shall be for the use of the estate of the decedent. The defendant in such action may be examined, under oath touching such alleged intermeddling. * * * The defendant shall be liable in such action to a judgment for the full value of the property converted, or to the extent of the injury to said estate occasioned

by such intermeddling, and ten per cent. damages in addition thereto. * * * The court may adjudge a return to the * * * administrator of any goods or choses in action remaining in the control of the defendant, and may enforce compliance with any judgment in the premises by attachment and imprisonment, in the discretion of the court. * * *" It is apparent that appellant did not proceed under §2818 Burns 1914, *supra*, for he did not examine appellee under oath and reduce his examination to writing, the only thing authorized under that section. That the parties construed the action to be under §2775 Burns 1914, *supra*, or under the common law is equally apparent, for appellee answered by denial, by agreement there was a trial, at which appellant examined eight witnesses, and appellee four, without objection by appellant, each of whom was cross-examined. There was argument by counsel and judgment by the court for appellee, and thereafter appellant's motions to modify the judgment and for a new trial. Certainly appellant cannot now be heard to say that all of these steps in which he joined were taken under §2818 Burns 1914, *supra*. The fact that the prayer of the petition asks only that appellant be required to appear for examination, and that he be required to produce the notes involved is not controlling. The theory is to be determined from the general scope and averments of the pleading. *Western Union Tel. Co.* v. *Reed* (1884), 96 Ind. 195. And the relief granted is not restricted by its concluding prayer. 1 Watson, Revision Works' Practice §§444 to 448; §394 Burns 1914, §385 R. S. 1881.

In the determination of the theory upon which a case was tried, the court will examine the evidence as well as the pleadings, and the parties will be held to the theory which they adopt. Of the numerous authorities to this effect, we cite *Lewis* v. *Stanley*

(1897), 148 Ind. 351, 45 N. E. 693, 47 N. E. 677; *Crabb* v. *Orth* (1892), 133 Ind. 11, 32 N. E. 711; *Weaver* v. *Brown* (1912), 51 Ind. App. 379, 99 N. E. 825; *Louisville, etc., R. Co.* v. *Hughes* (1891), 2 Ind. App. 68, 28 N. E. 158; *Cleveland, etc., R. Co.* v. *DeBolt* (1894), 10 Ind. App. 174, 37 N. E. 737.

Appellant argues that, in deciding his motion to modify the judgment, the court could not look beyond the pleadings, citing authorities to sustain his contention. This is true, but it must mean with the construction put on the pleadings by the parties.

Judgment affirmed.