## VANOVER v. ROACH ET AL.

[No. 14,779. Filed May 7, 1935. Rehearing denied June 5, 1935. Transfer denied November 19, 1935.]

*William J. Henley, Sr.,* and *William F. Marshall,* for appellant.

*John H. Kiplinger,* for appellees.

DUDINE, P. J.—This was an action instituted by appellant to recover for labor performed by him and materials furnished by him in painting and repairing a building, and making other improvements on premises which belonged to appellee Charles Roach at the time the labor was performed and the materials were furnished, but which premises were later conveyed to appellee Howard Moore, and then to appellee James Hurst, who owned the premises at the time of the trial of the cause. The action also sought to foreclose an alleged mechanic's lien against said premises, securing the payment for said labor and materials.

The complaint was in the usual form and alleged a contract between appellant and appellee Roach whereby appellant agreed to perform said labor and furnish said materials and appellee Roach agreed to pay appellant a reasonable price therefor. It alleged the subsequent transfers of said premises, and joined appellees Moore and Hurst as defendants.

Appellees each filed separate answers in denial, and appellee Roach filed a second paragraph of answer alleging payment. Appellant filed a reply in general denial to said second paragraph of answer.

The cause was submitted to the court for trial without a jury, and the court found for appellees, and rendered judgment against appellant for costs.

The overruling of appellant's motion for new trial is the only error assigned upon appeal. The grounds for

new trial, set forth in the motion, and presented by appellant, are: (1) the decision is not sustained by sufficient evidence; (2) error in admitting certain evidence.

Appellant contends the evidence conclusively shows that he established his claim and that the evidence does not show any defense to his claim.

Appellees have not favored this court with a brief, and the record does not indicate the theory on which the court made its decision. We are bound, however, to hold that the evidence was sufficient to sustain the decision, if the evidence is sufficient on any theory.

The evidence does conclusively show that appellant did paint the premises and did furnish paint therefor, and that appellee Roach was the owner of the premises when the paint was furnished and the painting was done; that appellee Roach saw appellant while he was doing the work, and did not tell him to stop, or that he (appellee Roach) would not pay him for the work and materials. The evidence further conclusively shows that appellant duly filed and had recorded a notice of his intention to hold a mechanic's lien against said premises to secure the payment for said work and materials.

Appellant's brief does not specifically state the theory upon which, he contends, a contract was conclusively shown, by the evidence, to have been entered into by and between appellant and appellee Roach. We believe his contention is based on a theory of an implied contract, arising out of appellee Roach's knowledge that appellant was doing said work, and Roach's failure to notify appellant that he would not pay appellant for the work; that appellee Roach's silence amounted to an acceptance of the work.

Assuming, but not deciding, that said evidence does give rise to such implied contract, there is some evi-

dence in the record from which the trial court ■ could reasonably have drawn inferences that said work was done by appellant as a gift to his wife. We refer to the evidence of Roach, to the effect that he rented the place to appellant's wife in August, 1931, for $16.00 per month, with the understanding and agreement that he would furnish the paint, and she would "put it on"; that he went down to the place "one day" and saw appellant painting; that he (Roach) did not know who appellant was; that appellant's wife informed him that appellant was her husband but that they were separated; that he (Roach) thereupon asked appellant "how comes you are painting," and appellant said "I didn't have anything to do and just came here to help the woman out a little"; that appellant never asked Roach for payment for his labor and never sent him a bill therefor until after appellee sold the place to a third party, and after appellant's wife surrendered possession of the premises in November, 1931. This evidence is referred to in the recital of the evidence in appellant's brief.

Having concluded that the trial court could reasonably have inferred from said evidence that appellant was doing said work and furnishing said materials as a gift to his wife, the evidence is sufficient to sustain the court's decision that appellant did not establish a claim against appellee Roach, and that he did not establish a mechanic's lien against the premises.

The evidence complained of by appellant in the second alleged ground for new trial is testimony of appellee Roach relating a conversation with appellant's ■ wife in which the terms of the rental agreement were fixed. Appellant contends he was not bound by the terms of the agreement between appellee Roach and appellant's wife. We agree with said contention, but the fact that appellant was not bound by the terms

agreed upon by his wife and appellee Roach does not make evidence of the conversation inadmissible.

The evidence shows that appellant's wife testified for appellant concerning the same conversation, and that appellant was present when the conversation was had, and therefore it was admissible.

No reversible error being shown, the judgment is affirmed.