LADOGA CANNING COMPANY *v*. TAYLOR.

[No. 15,340. Filed March 24, 1937. Rehearing denied June 16, 1937. Transfer denied September 24, 1937.]

*Bachelder & Bachelder* and *W. J. Sprow*, for appellant.

*Arthur McGaughey*, for appellee.

DUDINE, J.—Appellee instituted this action against appellant. The complaint alleged:

> "That said defendant is indebted to this plaintiff for 6,176 pounds of grade one tomatoes at the agreed price of $11.25 per ton and 5,287 pounds of grade two tomatoes at the agreed price of $5.00 per ton and 30,388½ pounds of pumpkins at and for the agreed price of $4.00 per ton, making a total sum at this time due and unpaid on said debt and account the sum of $121.72.
>
> "That said above mentioned tomatoes and pumpkins were sold and delivered by plaintiff to defendant at defendant's special instance and request, . . ."

and prayed judgment in the sum of one hundred twenty-five dollars.

Appellant filed an answer in general denial. The cause was submitted to the court for trial without a jury, and the court found for appellee and rendered judgment accordingly. Appellant filed a motion for new trial which was overruled, and perfected this appeal. The overruling of the motion for new trial is the sole error relied upon for reversal. The causes for new trial stated in the motion are: (1) The decision is not sustained by sufficient evidence; (2) the decision is contrary to law; (3) error in the assessment of the amount of recovery in this, the amount is too large.

The evidence shows that a Mr. Proffitt, who was a tenant on appellee's farm, delivered a quantity of tomatoes and pumpkins to appellant's canning factory, which tomatoes and pumpkins were grown on appellee's farm; that appellee owned a half interest in the crops raised by the tenant under the tenancy; that before appellant paid for any of said tomatoes and pumpkins, appellee informed the superintendent of appellant's canning fac-

tory of his interest in the crops, and told said superintendent not to pay the tenant therefor, and said superintendent told appellee "he would put both names on the check so we (appellee and the tenant) would have to be together to cash the check." The evidence further shows that appellant did not pay appellee for any part of said tomatoes or pumpkins, but paid the tenant for all of them.

Appellant contends the theory of the complaint was a claim for the "purchase price" of the tomatoes and pumpkins "at an agreed price and at defendant's special instance and request"; that appellee can recover only on the theory of his claim, but the evidence shows without contradiction that appellee "never sold anything to defendant (appellant) at any time," and therefore the decision is not sustained by sufficient evidence and is contrary to law.

Sec. 2-3231 Burns 1933, §505 Baldwin's 1934, provides:

"No judgment shall be stayed or reversed, in whole or in part, by the Supreme Court, for any defect in form, variance or imperfection contained in the record, pleadings, process, entries, returns or other proceedings therein, which, by law, might be amended by the court below, but such defects shall be deemed to be amended in the Supreme Court . . ."

It can not be successfully disputed that the complaint in the instant case could properly have been amended in the court below to conform with the evidence and therefore we hold that Sec. 2-3231 Burns 1933 (§505 Baldwin's 1934), *supra,* prohibits this court from reversing the judgment herein for said reason stated by appellant.

In support of the alleged error in the assessment of the amount of recovery, appellant states the following point, "The evidence shows that the maximum amount which could possibly be owing from appellant to appellee is $18.65."

That point is not supported or supplemented with any statement as to what the evidence shows. No explanation is made as to how appellant arrives at the conclusion stated in said point. A consideration of that point requires a search of the record. This court will not search the record for the purpose of reversing the judgment of a trial court. *Sanger* v. *Bacon* (1913), 180 Ind. 322, 101 N. E. 1001; *Tschaen* v. *State* (1929), 89 Ind. App. 37, 165 N. E. 556.

No reversible error having been shown, the judgment is affirmed.

Kime, Curtis, J. J. concur in result.