MORGAN *v.* SPARLING

[No. 18,416.  Filed November 19, 1953.  Rehearing denied December 18, 1953.  Transfer denied February 18, 1954.]

*Harry H. Hilgemann,* of Fort Wayne, and *(Paul Ed-*

*gar Congdon, Robert L. Kaag* and *Frederick A. Beckman,* all of Fort Wayne, of Counsel), for appellant.

*Harold R. McClain* and *James P. Murphy,* of Fort Wayne, for appellee.

KELLEY, J.—By complaint in two paragraphs, appellee instituted action against the appellant, seeking to recover a money judgment. Upon the issues raised by appropriate denial answers of appellant, the court, without aid of a jury, found for appellant on the first paragraph of complaint and for appellee on the second paragraph and that appellee recover of appellant thereon the sum of $5,000.00 and costs. Consistent judgment against appellant followed the finding. No further question is raised as to the finding and judgment on the first paragraph of complaint. Appellant's motion for a new trial specifying the insufficiency of the evidence to sustain the decision and that the decision is contrary to law was overruled and this appeal followed.

The second paragraph of appellee's complaint counted upon a sale by appellee to appellant of an undivided one-half interest in and to certain described machinery and equipment for the price of $5,000.00 which, it is alleged, appellant agreed to pay appellee within two years from the date of sale, with interest thereon at the rate of six (6) percent per annum. It is further alleged that pursuant to an understanding and agreement between appellant and appellee, the machinery and equipment were delivered to the Dubois Block and Supply Company, Inc., a corporation; and that the said sum of $5,000.00, with the specified interest, is due and unpaid.

The evidence discloses that appellee owned the personal property described in the complaint and also a small tract of land; that appellee, appellant, and two other persons organized a corporation known as the Dubois Block and Supply Company, Inc., with a capi-

talization of $50,000.00; that each of the said four interested parties were to purchase stock of the corporation in the amount of $12,500.00.

Appellee conveyed and transferred the land and personal property to the corporation at a valuation of $15,000.00; it was arranged and understood between appellant and appellee that the latter should put into the corporation $2,500.00 cash in addition to the personal property and land, a total of $17,500.00, and receive back corporate stock in the amount of $12,500.00, the remaining $5,000.00 to be credited by the corporation to the appellant on the purchase price of his stock; this plan was carried out and appellant paid in to the corporation the sum of $7,500.00 cash, which, with the credit of $5,000.00 received by him under the said arrangement, completed his $12,500.00 stock payment. Appellant and appellee each were issued $12,500.00 of stock in the corporation. Appellant agreed to pay appellee $5,000.00 for the credit which he received pursuant to their said understanding, but the same remains unpaid. The evidence was conflicting as to the time for the payment by appellant of said $5,000.00, appellee affirming that it was to be evidenced by a bankable note "payable in two years, with 6% interest thereon," while appellant testified that he agreed to pay it "out of the profits" of the corporation. By the finding of the court, the conflict was resolved in favor of the appellee.

Appellant's challenge of the court's decision is predicated upon the sole contention that the evidence fails to sustain the allegations of the sale of personal property as alleged in appellee's second paragraph of complaint. The record discloses that, upon the issues made by the second paragraph of complaint and appellant's answer in denial thereof, the trial proceeded without any essential conflict except as to whether appellant was to pay appellee the $5,000.00 in two years as evi-

denced by a "bankable note" or was to pay it "out of the profits of the company."

In the entire record of the evidence upon all the issues made by all the pleadings, there appear only seven objections and one motion to strike. None of the objections were substantive but pertained only to the form of the questions. The motion to strike was directed to an unresponsive answer. There is no matter, motion, or legal move of any kind or nature by either party in the complete record indicating that they had any objection, misunderstanding, or question as to the issues and proof or the theory upon which the action was being tried. There appears no mention of any theory of the complaint, variance or failure of proof, from the beginning of the proceedings until the "Argument" portion of appellant's brief.

It is obvious that the parties voluntarily abandoned the issues made by the pleadings and chose their own issue and theory and conducted the trial thereon. A careful reading of the evidence indicates that the parties considered the real issue to be one of debt and the method and time of payment. The greater portion of the evidence shown in the transcript pertained to the issues made on the first paragraph of appellee's complaint and with which we have no concern on this appeal. The remainder of the evidence centered mainly on the business transactions of the parties and how and when the $5,000.00 indebtedness was to be evidenced and paid. Upon only four occasions was the subject of the sale of the machinery and equipment referred to. First, the appellee stated he had made a sale of a part of the machinery to the appellant and only once, by one question, did the appellant touch upon that question in his cross-examination of the appellee. During appellant's testimony he was asked two questions by his counsel concerning whether he purchased any

of the machinery. In answer to the first question he said he had not; in answer to the second question which was whether he had ever agreed to buy any of the machinery, he replied, "Yes, sir."

Where, as in this case, a theory has been adopted by the parties and the trial court, and the case has been tried upon that theory, it must be adhered to on appeal. *Oolitic Stone Company* v. *Ridge* (1908), 169 Ind. 639, 644 and cases cited, 83 N. E. 246; *Southern Indiana Railway Company* v. *Drennen* (1909), 44 Ind. App. 14, 22, 25, 26, 88 N. E. 724. In the determination of such theory, we will examine the evidence as well as the pleadings. *Weaver* v. *Brown* (1912), 51 Ind. App. 379, 385, 99 N. E. 825; *Montgomery, Admr.* v. *Montgomery* (1923), 81 Ind. App. 1, 5, 140 N. E. 917.

The evidence, as disclosed by the record, was amply sufficient to sustain the decision of the court upon the theory adopted by the parties. *Vanover* v. *Roach* (1935), 101 Ind. App. 138, 140, 195 N. E. 579.

Such being the case, we are not authorized to reverse the judgment herein upon the ground urged by appellant. §2-3231, Burns' 1933, 1946 Replacement; *Ladoga Canning Co.* v. *Taylor* (1937), 104 Ind. App. 1, 3, 7 N. E. 2d 52.

Judgment affirmed.

NOTE.—Reported in 115 N. E. 2d 514.