SWISHER ET AL. *v.* KEELER ET AL.

[No. 18,485. Filed March 4, 1954.]

354

*Gilbert W. Butler,* of Martinsville, for appellants.

*Sam Blue,* of Martinsville, for appellee.

ACHOR, J.—This is an action brought by appellees to recover damages from appellants, both (1) for an alleged breach of contract and (2) for the recovery of the down payment made thereon because of the impossibility of performance of the contract.

The contract, among other things, provided that appellant agreed to sell the real estate involved "for the sum of $8,750.00," which said sum appellees agreed to pay as follows: "One Thousand and no/100 Dollars, cash . . . receipt whereof is hereby acknowledged. Balance ($7,750.00) to be paid from the proceeds of loan from the F.H.A. . . ."

The contract also provided for liquidated damages in the sum of $500.00 to be paid to either party in event of default on the part of the other. In addition to the agreement contained in the written contract, appellees' amended complaint alleged as follows:

"3. That it was impossible to obtain a loan from F.H.A. as set out in the said complaint.

"4. That defendants represented to the plaintiffs that they could get a loan through the F.H.A. on said property for said $7,750.00. That the defendants failed and neglected to obtain said loan as represented.

"5. That plaintiffs performed in every respect their part of said contract and defendants failed to perform their part of said contract.

"7. That plaintiffs have demanded that the defendants return the $1000.00 that they have paid out and the defendants have refused to do so."

Judgment was for the appellee in the sum of $980.00.

The error assigned was the overruling of the motion for a new trial. The grounds relied on for a new trial are as follows:

1. The assessment of the amount of recovery was erroneous, being too large;

2. The decision and finding of the court was not sustained by sufficient evidence and is contrary to law;

3. The decision and finding is upon the theory of rescission and the complaint proceeds upon the theory of damages for breach of contract.

Each of the above assignments of error are dependent upon a determination of the controverted issue as to the theory of the case as filed, tried and decided. Appellants' entire case rests upon the proposition that the action is clearly and solely an action for breach of a written contract. Proceeding upon this theory, appellants first cite the fact that said contract specifically provided for liquidated damages in the sum of $500.00. It is upon this basis of fact that appellants ground their first assigned error, that the judgment for $980.00 was excessive.

Pursuing their position further that any relief must be based upon the written contract, appellants contend that the relief granted could only be supported by parol evidence and that such evidence is without probative value to vary the express terms of the written contract. Therefore, the appellants contend that, although oral evidence in support of the judgment was admitted without objection, such evidence had no probative value and that therefore the judgment was not supported by sufficient evidence and is contrary to law.

Finally, appellants contend that the theory of the action, as determined by the complaint, is for *breach* of said written contract, whereas recovery was granted

upon the theory of *rescission* of contract, and that regardless of the probative value of the evidence to support the judgment, the judgment was contrary to law because of the variance between the theory of the action and the recovery.

As a matter of appellate practice, appellants are in no position to complain if the case had been erroneously decided upon evidence and issues outside the written contract as executed by the parties. Contrary to the provisions of Rule 2-17 (a) and (d) of the Supreme Court, appellants have omitted from their brief, both in their statement of the *pleadings* and from said contract as admitted in evidence, the pertinent provisions of said contract which are related to the manner of payment and damages for breach thereof.

We recognize that appellants, in the argument portion of their brief, make reference to certain omitted provisions of the contract and discuss their effect, but nowhere is it stated that these are all the provisions of the contract upon the issues in controversy. We cannot say that appellants have made a good faith effort to comply with Rule 2-17.

"Where appellant's brief fails to set forth the record so as to fully present a question, without resorting to the record, the appellate tribunal will not search the record to reverse a cause. . . ." Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, ch. 53, §2677, p. 304. However, if we were to overlook the fact (as did the parties to this appeal) that essential parts of both the pleadings and the evidence were omitted from the briefs, and decide the case on the substantive issues involved, the result is the same.

The theory of the action was first defined by the complaint. As heretofore stated, it not only set forth the

terms of the written contract which fixed the selling price at $8,750.00 and provided for payment thereof of $1,000.00 cash in hand paid, and "the balance ($7,750.00) to be paid from the proceeds of a loan from the F.H.A.," the complaint also alleged, and thereby placed in issue, the fact "That defendants represented to the plaintiffs that they could get a loan through the F.H.A. on said property for said $7,750.00; that the defendants failed and neglected to obtain said loan as represented." "That it was impossible to obtain a loan from the F.H.A. as set out in the complaint." That appellees had demanded and been refused the return of the $1,000.00. Appellants made no attempt to have the complaint modified. Therefore, all the issues therein contained, and the effect thereof, became a part of the theory of the case.

Furthermore, in determining the theory of the action, we must examine the evidence as well as the pleadings. *Weaver* v. *Brown* (1912), 51 Ind. App. 379, 385, 99 N. E. 825; *Montgomery, Admr.* v. *Montgomery* (1923), 81 Ind. App. 1, 5, 140 N. E. 917. In the case at bar, the parties accepted the issues as defined by the pleadings and tried the case on those issues without objection. Also, as an ancillary issue thereto, appellants permitted evidence to be introduced without objection that appellees relied upon the assurance of appellants that they could get the loan and that appellants, upon receipt of the $1,000.00 payment to hold the property, had agreed that, in event it was impossible to obtain the loan from the F.H.A., the money would be returned.

After examining the pleadings, the evidence and the argument of counsel, we find it unnecessary to determine whether the theory of the action as filed was either for breach of contract, for rescission thereof, or both. Rather, the parties adopted

their own theory of their action. This involved the payment of $1,000.00 to hold the property, an agreement that the balance of the selling price was "to be from the proceeds of an F.H.A. loan," the impossibility of obtaining said loan and the agreement of appellant to return the $1,000.00 if the F.H.A. loan was not obtained. The parties and the court having adopted the theory upon which the case was, in fact, tried, we will adhere to that theory on appeal. *Oolitic Stone Company* v. *Ridge* (1908), 169 Ind. 639, 644, 83 N. E. 246, and cases cited; *Southern Ind. R. Co.* v. *Drennen* (1909), 44 Ind. App. 14, 22, 25, 26, 88 N. E. 724; *Morgan* v. *Sparling* (1953), 124 Ind. App. 310, 115 N. E. 2d 514.

The evidence most favorable to appellee was sufficient to sustain the decision of the court upon the theory adopted by the parties, both as to the fact and amount of recovery. Therefore, we are not authorized to reverse upon the grounds urged by appellants. §2-3231, Burns' 1946 Replacement; *Vanover* v. *Roach* (1935), 101 Ind. App. 138, 140, 195 N. E. 579; *Ladoga Canning Co.* v. *Taylor* (1937), 104 Ind. App. 1, 3, 7 N. E. 2d 52.

Judgment affirmed.

NOTE.—Reported in 117 N. E. 2d 750.