NICOLAI *v.* BLICKENSTAFF

[No. 19,176. Filed February 11, 1960.]

*Ralph W. Probst,* of Kendallville, for appellant.

*Grimm & Grimm,* of Auburn, for appellee.

AX, J.—Appellee, an automobile salesman employed by appellant, an automobile franchise dealer, brought an action by way of a second paragraph of complaint against appellant to recover the sum of Eleven Hundred Dollars paid by Ford Motor Company to appellant as a bonus payment claimed to be owed to appellee for selling three Lincoln automobiles and five Mercury automobiles in a Ford Company sponsored contest. Upon the filing of an answer amounting essentially to a denial, the cause was tried by the court without a jury, resulting in a judgment for appellee against appellant in amount of Eleven Hundred Dollars.

Thereupon, appellant filed his motion for new trial as to the second paragraph of complaint which was

overruled, and this appeal followed. The record is silent as to the first paragraph of complaint.

Appellant assigned the following as errors:

(1) That said Court erred in ordering the appellant to produce books, papers and records of his business.

(2) That said Court erred in refusing to grant the appellant time to take the deposition of E. P. Lovitt.

(3) That the Court erred in admitting into evidence plaintiff's exhibits numbered three (3), six (6), seven (7), eight (8), nine (9), and nine A (9A).

(4) That the Court erred in overruling the appellant's motion for a new trial.

The first three above assigned errors are not proper independent assignments of error, since each was a matter coming under one of the statutory grounds of a motion for new trial, and therefore, present nothing to this court for our determination. See: Flanagan, Wiltrout & Hamilton's, *Indiana Trial & Appellate Practice*, §2386, p. 156, comment 2, and cases therein cited.

The appellant's motion for a new trial, omitting the formal caption, reads as follows:

1. That the Court erred in refusing to permit the taking of the deposition of E. P. Lovitt as a necessary and material witness for the defendant.

2. That the Court erred in ordering the defendant to furnish books, papers and records, as ordered on the 17th day of April, 1957.

3. That the Court erred in refusing to sustain the motion of the defendant, at the close of the plaintiff's evidence, for a directed verdict and finding for the defendant upon the second paragraph of complaint of the plaintiff herein.

4. The Court erred in failing to rule on, and permit by order, the payment of money by the defendant, into court, on the 28th day of March, 1957.
5. The decision of the Court is not sustained by sufficient evidence.
6. The decision of the Court upon the second paragraph of complaint is contrary to law.
7. The decision of the Court upon the second paragraph of complaint is not sustained by sufficient evidence.
8. The decision of the Court is contrary to law.
9. The Court erred in admitting into evidence, over the objections of the defendant, plaintiff's exhibits three (3), six (6), seven (7), eight (8), nine (9), and nine A (9A).

Supreme Court Rule 2-17 provides:

"Appellant's Brief. The brief of appellant shall contain short and clear statements disclosing:

. . .

(d)  A concise statement of so much of the record as fully presents every error and objection relied upon, referring to the pages and lines of the transcript. . . ."

A search of the appellant's brief fails to reveal wherein the appellant has set forth the affidavit for a continuance to take the deposition complained of, or requiring the defendant to bring into court certain books, papers and records, or the court's ruling thereon. This court has held that:

" 'Where appellant's brief fails to set forth the record so as to fully present a question without resorting to the record, the appellate tribunal will not search the record to reverse a cause. . . .' Flanagan, Wiltrout & Hamilton's, *Indiana Trial & Appellate Practice*, ch. 53, §2677, p. 304." *Swisher et al.* v. *Keeler et al.* (1954), 124 Ind. App. 352, 117 N. E. 2d 750.

We cannot say, under such circumstances, that the appellant made a good-faith effort to comply with Rule 2-17 (d), and, therefore, he presents no question to this court for review by his specifications numbered 1 and 2 of his motion for new trial.

In the argument section of his brief, appellant has waived grounds numbered 3, 4, 5, 6, 7, and 8 by reason of his failure to either urge or discuss any of these grounds. See: Rules 2-17 (e) and 2-17 (f) of Supreme Court. Also, see: *Miller, et al.* v. *Long* (1956), 126 Ind. App. 482, 131 N. E. 2d 348, rehearing denied 132 N. E. 2d 272.

Ground number 9 specified by appellant is also without merit as it has not properly been raised in the motion for new trial.

> "If error is predicated on the admission of an exhibit, the exhibit or its substance should be set forth. *Siebeking et al.* v. *Ford, Admx., etc.* (1958), 128 Ind. App. 475, 148 N. E. 2d 194; *Tomlinson* v. *Marion County Plan Commission* (1954), 234 Ind. 88, 122 N. E. 2d 852." Flanagan, Wiltrout & Hamilton's, *Indiana Trial & Appellate Practice,* §1812, p. 93 of Supp.

Appellant in the case at bar completely failed to set forth any of the pertinent exhibits or the substance thereof.

> "The reason for the requirement that all this be set forth is that the matter should be called to the attention of the trial court in order that it may have an opportunity to correct its ruling before an appeal is taken. *Durham* v. *City of Indianapolis* (1952), 123 Ind. App. 74, 108 N. E. 2d 205; *Mendenhall* v. *Lay* (1953), 123 Ind. App. 486, 111 N. E. 2d 662; *Blanton* v. *State* (1953), 233 Ind. 51, 115 N. E. 2d 122, rehearing denied 116 N. E. 2d 631." Flanagan, Wiltrout & Hamilton's, *Indiana Trial & Appellate Practice,* §1812, p. 93 of Supp.

There being no questions properly raised for this court to determine, we are not authorized to reverse upon the grounds urged by the appellant.

Judgment affirmed.

Myers, C. J., Cooper and Ryan, JJ., concur.

NOTE.—Reported in 164 N. E. 2d 364.