FARMERS MUTUAL HAIL INSURANCE COMPANY OF IOWA *v.* SQUIRES.

[No. 19,379. Filed January 24, 1962.]

Lynn A. Ford, of Wabash, for appellant.

Plummer & Plummer, of Wabash, for appellee.

GONAS, J.—Appellant brought this action to recover allegedly unpaid balance on a certain hail insurance

policy. Appellant alleged in its complaint that appellee is indebted to appellant in the sum of One Hundred Seventy Eight and 48/100 ($178.48) Dollars, plus legal interest thereon from December 1, 1948, upon said hail insurance policy issued to appellant by appellee. That the policy was in full force and effect during the crop season of 1948, and that the premium on the policy for the crop season of 1948, remains past due and unpaid.

The appellee agreed by his note to pay appellant a reasonable attorney fee in case it became necessary for appellant to employ an attorney to enforce collection on said note.

The issues were properly formed. Trial to the court resulted in a finding and judgment against the appellant on its complaint. The trial court overruled appellants' motion for a new trial. Appellant has asisgned the ruling by the trial court on its motion for a new trial as error. Appellants' case depends entirely on certain documents, namely, an alleged insurance policy, the application for the insurance policy and that part of the application which is referred to in appellants' brief as a promissory note. Appellants' brief in its condensed recital of the evidence contains no showing at all that any of the said documents were ever introduced and received in evidence, and the same are not set forth either verbatim or in sufficient substance to permit a full understanding of their pertinent contents. Under a heading of "Appellants' Exhibits," following the condensed recital of the evidence, there appears a copy of what is designated, "Pertinent Parts of Amended Policy," "Pertinent Parts of Application and Amended Application," "Third Notice," and "Post Office Receipt," but none of these items are identified with any exhibit or that they were ever offered and received in evidence.

Consequently, this court would be required to resort to the record in order to ascertain and identify these items and to what evidentiary purpose, and find the reasons and grounds for the reversal of the judgment from which this appeal was taken.

It has been many times decided in Indiana, that this court will not search the record to find cause for the reversal of a judgment from which an appeal has been taken. *Nicolai* v. *Blickenstaff* (1960), 130 Ind. App. 321, 164 N. E. 2d 364; *Appelby* v. *State* (1943), 221 Ind. 544, 48 N. E. 2d 646 (Re-Hearing Den.), 221 Ind. 544, 49 N. E. 2d 533.

Judgment affirmed.

Kelley, P. J., Bierly and Pfaff, JJ., concur.

NOTE.—Reported in 179 N. E. 2d 311.