BROWN *v*. NORRED.

Opinion delivered January 24, 1916.

CONTRACTS—WORK OF SUB-CONTRACTOR—LIABILITY FOR WORK DONE.—Where the work of a sub-contractor in clearing the right-of-way of a drainage ditch, was done in substantially the same manner as done by other sub-contractors on the same work, no plans and

specifications having been given to him, the verdict of a jury awarding the sub-contractor the amount claimed by him against the contractor, for work done, will not be disturbed on appeal, when supported by any substantial evidence.

Appeal from Clay Circuit Court, Eastern District; *J. F. Gautney*, Judge; affirmed.

*G. B. Oliver*, for appellant.

1. Norred was a sub-contractor and was bound to perform the work according to the original contract. He was bound to know the terms and conditions of the original contract, and it can avail him nothing to say he did not know what the contract was. 37 Cyc. 340; 39 N. W. 742-46; 55 Mo. App. 107-115.

2. Instruction 2 conflicts with 3 and 4. Where both parties have agreed that a third party must accept and receive the work before it is paid for, his decision fairly made it binding. 48 Ark. 522; 68 *Id.* 155; 79 *Id.* 506; 83 *Id.* 136.

3. The court erred in its admission of evidence and the verdict is without any evidence to support it. The work done by Norred was worse than useless. It is a matter of common knowledge that a tree can be cut down much easier than the stump can be cut off after the tree has been cut.

*L. Hunter*, for appellee.

1. Appellee was not a sub-contractor.' 93 Ark. 277, but if he was appellant is liable for the amount due. 40 Ark. 429; 76 *Id.* 1; 76 *Id.* 292; 102 *Id.* 407.

2. A substantial compliance is all that is required. 38 Ark. 197; 97 *Id.* 278; 64 *Id.* 34; 67 *Id.* 219; 88 N. Y. 648; 9 Cyc. 603. Appellant treated appellee as an independent contractor until he discovered that it might serve a nefarious convenience to contend that he was a sub-contractor. There is no error in the court's charge.

HART, J. Edward Norred sued W. R. Brown to recover an amount alleged to be due him for clearing fourteen acres of right-of-way of a drainage ditch. He recovered judgment and the defendant has appealed. The facts are as follows:

The Central Clay Drainage District was created by the Act of the Legislature of 1911,* and the district entered into a contract with the defendant Brown to construct three ditches, including the cutting of the right-of-way. Brown entered into a contract with George Holford to clear the right-of-way. Holford entered into a contract with one Petty and others to clear a part of the right-of-way for him. The plaintiff Norred also entered into a contract with Holford to clear fourteen acres of right-of-way and was to receive therefor the sum of $14 per acre and $1.35 per acre for the wood. Under his contract he was to cut down all trees on the right-of-way and to cut a part of it into wood. The only point in dispute between the parties is as to the height of the stump, it being claimed on the one hand by Norred that he cut down the trees in compliance with his contract, and on the other hand by Brown that Norred violated his contract by cutting the stumps too high.

Norred testified in his own behalf and said that when he made the contract with Holford no specifications were given him as to how the timber should be cut; that he called up Brown and asked him if Holford had the right to let the ditch contract for him and that Brown asked him what price he was to receive, that he told Brown and the latter then replied that that was all right, to go ahead and do the work and he would see that he got his money; that he then began to clear the right-of-way at a point where Petty left off and that he cut the trees as low as Petty did; that the right-of-way he was clearing was through a cypress brake and he could not cut the trees any lower on account of the swell at the butt.

Other witnesses for Norred testified that he cut the trees as low as Petty and Nelson who had cleared a part of the right-of-way and had cut them just as low as he could to get above the swell; that he cut them from four to seven and one-half feet high.

On the part of the defendant witnesses were introduced who testified that the trees were cut too high and

*Act 317, p. 856, Special Acts of 1911. (Rep.)

that it would be impossible to work the dredge boat in there at the present height of the stumps, that the stumps were so high the crane which carried the dipper would strike against the stumps so that the dirt could not be dug and removed from the right-of-way.

It may be conceded that the preponderance of the testimony was in favor of the contention of the defendant; but the case was submitted to the jury under proper instructions and we can not disturb the verdict of the jury in favor of the plaintiff, there being testimony of a substantial character to sustain it.

In the case of *St. Louis, Iron Mountain & Southern Railway Company* v. *Bogan,* 78 Ark. 173, Bogan entered into a contract to clear a part of the right-of-way at a stipulted price. The contract was in writing and further provided that the work should be done according to plans and specifications of the railway engineers in charge. The defendant was sued for the amount alleged to be due for clearing the right-of-way and offered to introduce in evidence the plans and specifications. The court refused to permit them to introduce them in evidence and the refusal of the court was assigned as error. There as here no copy of the plans and specifications were delivered to the sub-contractor and he made his contract with the principal contractor and not with the owner. There as here the sub-contractor complied with the directions given him. That is to say, according to the testimony of Norred and his witnesses he was given no specific directions as to how to clear the right-of-way but did the work in substantially the same manner as was done by other sub-contractors.

In the Bogan case it is true the engineers inspected his work from time to time and approved it but, as we have already seen, the contract there specifically provided that it should be done according to the plans and specifications. In the case before us no plans and specifications were delivered to the plaintiff and according to his own testimony and that of his witnesses, he cleared the right-of-way in substantially the same manner as was done by the other sub-contractors. It is true his testi-

mony was flatly contradicted by the testimony adduced in favor of the defendant. The conflict in the testimony, however, was settled by the verdict of the jury in plaintiff's favor.

The case was submitted to the jury under proper instructions and the judgment will be affirmed.