## JOSE-BALZ COMPANY *v.* DEWITT.

[No. 14,036.   Filed June 25, 1931.   Rehearing denied October 13, 1931.   Transfer denied January 15, 1932.]

*John W. Bowlus, Slaymaker, Merrell, Ward & Locke* and *Hugh E. Reynolds,* for appellant.

*Carl E. Wood* and *Milton B. Hottel,* for appellee.

LOCKYEAR, J.—The pleadings allege and the evidence shows in this case that, on March 7, 1922, the appellant and Ernest L. Ziegler and Edith Ziegler, his wife, entered into a written contract for the purchase of a certain lot and the erection of a house and garage thereon by the appellant.   Ernest L. Ziegler has since died, and

Edith Ziegler has married a man by the name of De Witt, and she is the appellee herein.

By the terms of the contract, the house was to be built according to the plans and specifications, the appellant to furnish all labor and material, the appellee to specify the kind and quality of material to be used. The amount to be paid was to be the total cost plus 15 per cent, together with $2,500, the purchase price of the lot. The time and manner of payment were set out fully in the contract. The house was built and delivered to the appellee August 14 at a total cost of $13,396.82. The house was finished with stucco or plaster on the outside and it soon began to peel and crack and fall off; particularly on the porch did this occur. The appellant patched the porch a number of times and then filed this action for said repairs, wherein it is sought to foreclose a mechanic's lien for $163.70.

The appellee filed an answer in two paragraphs to the complaint, the first of which is a general denial, and the second paragraph of answer is a plea of payment. Appellee also filed an amended counterclaim, in which it is alleged that the work, labor and material furnished by the appellant are of no benefit and value to the property, and the work was so unskillfully and negligently done by the appellant that, soon after the completion of the work, the front walls thereof cracked, one side of the residence settled more than the other, the railing of the porch cracked and broke, the concrete used in the residence and the driveway gave way, cracked and broke, to the damage of the appellee in the sum of $5,000, wherefore, she prays judgment.

The cause was submitted to the court for trial; there was a finding and judgment for the appellee against the appellant in the sum of $500.

The appellant filed motion for a new trial on the

grounds that the decision of the court is contrary to law and is not sustained by sufficient evidence, and error in the assessment of the amount of recovery in this, that the amount is too large, which motion was overruled and is assigned as error herein. The appellant filed a motion to strike out said amended counterclaim as set out by the appellee, for the reason that said counterclaim is an independent tort and cannot be connected with the cause of action arising out of the contract to build. We do not concur in this view.

There was no such complete acceptance of the premises on the part of the appellee as would preclude her from filing a counterclaim in this action, for complaint was made by her to the appellant soon after the house was built, and the appellant recognized that there were defects in the workmanship and did, on a number of occasions, attempt to remedy the defects. It was the contention of the appellee on the trial that the work for which this action was brought was the work he did in attempting to repair the house, which was made necessary by the lack of proper skill on the part of the appellant, and was not done under a new and separate contract.

There is ample evidence in the case to show that the workmanship was defective, as set out in appellee's counterclaim, and that the cost of repairing the porch would be more than $500, the amount of the judgment. The counterclaim is predicated upon a failure to comply with the contract, in that the appellant delivered and turned over to the appellee a residence that had been unskillfully built and poorly constructed. It is claimed by the appellant that there is no showing that the material was not of the kind and character and the work done that was contracted for. There may be no positive declaration of the witnesses upon that point, but what happened to the building was

sufficient evidence from which a legitimate inference can be drawn that the material furnished and the work done were not according to plans and specifications. It is an implied part of every builder's contract that he will use reasonable skill in his work, even though there is no stipulation to that effect in the written instrument itself. *Hartford Mill Co.* v. *Hartford Tobacco Warehouse Co.* (1909), 121 S. W. (Ky.) 477; *Gwinnup* v. *Shies* (1903), 161 Ind. 500, 69 N. E. 158; *Brown* v. *Norred* (1916), 122 Ark. 100, 182 S. W. 537; *A. M. Blodgett Const. Co.* v. *Cheney Lumber Co.* (1912), 129 La. 1057, 57 So. 369.

We find no reversible error in the record.

The judgment is affirmed.