ROSSVILLE ALCOHOL & CHEMICAL CORPORATION *v.* THE STEEL CONSTRUCTION CO.

[No. 15,378. Filed June 14, 1937. Rehearing denied October 15, 1937. Transfer denied January 11, 1938.]

*Estal G. Bielby, E. Louis Kohl, Harmon, Colston, Goldsmith & Hadley* and *Slaymaker, Merrell & Locke,* for appellant.

*Charles A. Lowe, Donald W. Strickland, Pickens, Gause, Gilliom & Pickens* and *Elbert R. Gilliom,* for appellee.

DUDINE, J.—This was an action instituted by appellee against appellant to recover an alleged balance of the agreed price for two steel tanks, which appellee contracted to "furnish, fabricate and erect" for appellant, and to foreclose a mechanic's lien securing the payment of said balance of said price.

This cause was submitted upon an amended complaint in two paragraphs, to each of which a demurrer was addressed, which demurrers were overruled, and an answer in three paragraphs, the first being a general denial, and the third alleging partial payment of the agreed price of the tanks. Appellee filed a demurrer to appellant's second paragraph of answer, which demurrer was sustained.

The cause was submitted to the court for trial without a jury upon a stipulation of facts. The court made a special finding of facts, stated conclusions of law favorable to appellee, and rendered judgment in appellee's

favor against appellant in the sum of $9,140.99, that appellee have a mechanic's lien against certain real estate, and that said mechanic's lien be foreclosed.

The errors assigned and presented on appeal are: (1) Error in overruling appellant's demurrer to the first paragraph of amended complaint; (2) error in overruling appellant's demurrer to the second paragraph of amended complaint; (3) error in sustaining appellee's demurrer to the second paragraph of answer; and (4) error in each of the conclusions of law.

We will discuss questions presented under the alleged error in the conclusions of law.

The facts as found by the court, which are material here, are in effect as follows:

On August 11, 1932, appellant and appellees entered into a written contract by which appellee agreed to "furnish, fabricate and erect" two alcohol storage tanks fifty-four feet in diameter, thirty-six feet six inches high in a certain building of appellants, and to make certain material alterations in the building, which alterations were necessary for the erection of said tanks.

The original agreement provided that part of the purchase price should be paid upon shipment of the materials, and the balance to be paid in several monthly installments. By an interchange of letters it was later agreed by the parties that each tank should be paid for in full after it is "erected, tested and accepted."

Appellee began the erection of the tank on August 22, 1932, and continued the work until September 3, 1932, when an explosion and fire occurred on appellant's premises, without the fault of either party to the contract. At that time appellee had delivered upon appellant's premises all the materials necessary for the completion of the tanks, but neither of the tanks had been completed, tested or accepted, in fact neither of the tanks had been substantially completed. The fire damaged and

substantially destroyed the uncompleted tanks, and that part of said materials which had not been used in the construction of the tanks.

The fire damaged the building in which said tanks were to be erected, so that it became impossible for the appellee to complete said tanks without a reconstruction of said building, which reconstruction was not undertaken or accomplished.

Appellant contends the facts found by the court show that the parties contracted on the basis of the continued existence of the building in which the tanks were to be erected, and since the building ceased to exist by reason of its destruction, without the fault of either party, both parties are discharged from their respective obligations in the contract, and are left to bear whatever loss they have suffered respectively, citing *Krause* v. *Board of Trustees, etc., of Crothersville* (1904), 162 Ind. 278, 70 N. E. 264.

Appellee agrees that "the continued existence of the building was contemplated by the parties as a necessary condition to the erection of the tanks," and that "the destruction of the building therefore had the effect to release appellee from further performance of its part of the contract by operation of law" (citing *Krause* v. *Board, etc., supra*), but insists that appellant remained bound by its obligations because the contract contained the following provisions, to wit:

"It is further agreed that no transfer, renewal, or extension of this instrument, or any interest thereunder, or injury to or loss or destruction of said property shall release the Buyer from his obligation hereunder."

Appellee says in its brief:

"It is true that the law, under the doctrine of the Crothersville School case (*supra*) would have likewise released the appellant from its obligation to pay had not the contract specifically stipulated that

the appellant should not be released by (such) destruction (of the property) during the progress of the work."

The court incorporated the contract into its finding. The contract is very long, and therefore is not set out in this opinion.

The original contract, and said later agreement by interchange of letters, when construed as a whole, clearly indicate that appellee thereby agreed not to furnish materials and labor for the construction of two tanks, but that appellee thereby agreed to furnish, fabricate and erect two tanks which would meet with the specifications thereof prescribed in the contract; and that appellee would not be entitled to the payment of the agreed price of the tanks until they were completed, tested and accepted.

In view of said agreement, it is clear that under the terms of the contract appellee would not have been entitled to a recovery of the contract price of the tanks if it had simply quit working on. the tanks immediately before the explosion and fire occurred—and if the building and uncompleted tanks and said materials had not been so destroyed. We know no reason for holding that the destruction of said building, uncompleted tanks and materials, by operation of law, vested any rights in appellee.

We think it is clear, when said contract is construed as a whole, that the word "property" as used in the provision of the contract so relied upon by appellee refers to the property contracted for, to wit, two tanks fabricated, erected, completed, tested and accepted. It can not be reasonably construed to mean the materials necessary for the construction of said tanks.

We therefore hold that said provision in the contract

did not *prevent* appellant from being released from its obligation in the contract.

*Krause* v. *Board, etc., supra,* is authority for holding that in this case *both* parties to the contract were released from their respective obligations, by the destruction of the building in which the tanks were to be erected, and each party was left to bear whatever losses it had suffered. To the same effect see Williston Contracts (1936), Sec. 838; *Mathews Construction Co.* v. *Brady* (1928), 104 N. J. L. 438, 140 Atl. 433; *Littell* v. *Webster Co., etc.* (1911), 152 Ia. 206, 131 N. W. 691; Sec. 281, Restatement of Law of Contracts, American Law Institute.

Appellee has cited *Jessup* v. *Fairbanks, Morse Co.* (1906), 38 Ind. App. 673, 78 N. E. 1050, and *Amer. Soda Fountain Co.* v. *Vaughn* (1903), 69 N. J. L. 582, 52 Atl. 54.

In each of said cases the plaintiff was permitted to recover the agreed price of property which he had furnished the defendant, in spite of the fact that the property had been destroyed without plaintiff's fault, but both of said cases are inapplicable here, because in each of them the plaintiff was entitled to the enforcement of the defendant's obligation to pay the agreed price, before the property was so destroyed.

The questions which we have discussed are presented under each of the assigned errors. No good purpose would be served by discussing said questions with particular reference to the other assigned errors. It is sufficient to say that the demurrer to each of the paragraphs of complaint should have been sustained.

The facts having been stipulated, and the facts found by the court being sustained by the stipulated evidence, no good purpose will be served by ordering the trial court to correct its rulings on the pleadings. It is therefore ordered that the judgment be re-

versed and that the trial court restate its conclusions of law favorable to appellant, and in accordance with this opinion, and render judgment thereon.

Judgment reversed.

Laymon, J., dissents.