GOODWIN v. SCHWARTZ ET AL.

[No. 17,320.   Filed March 1, 1945.]

*Roscoe D. Wheat,* of Portland, and *Francis A. Shaw,* of Muncie, for appellant.

*Frank B. Jaqua,* of Portland, for appellee.

ROYSE, J.—Appellant sued appellees to foreclose a mechanic's lien for materials furnished and labor performed on appellees' residence in July and August, 1943. Appellees filed what they termed a counter-claim but is in fact a set-off to appellant's complaint. In this set-off it is alleged appellees entered into an oral contract with appellant in September, 1942, for the speedy construction of a life-time roof of cement shingles and the proper and appropriate incidentals therefor; that by the terms of said contract appellant was to furnish all of the materials at jobbers' prices and was to superintend the construction of said work, for which he was to receive a profit of 10% of the cost of said materials; that in December, 1942, appellees paid appellant the sum of $314.88 on said contract. It is then alleged appellant breached his contract with appellees in the following particulars:

"He did not furnish and use the proper amount of felt under the shingles used in the construction of said roof. He did not furnish and use copper or other life-time material in the valleys of said roof, but used rub-

beroid, which is a cheap substitute instead. That he did not oversee and superintend his workmen in said roof construction work in proper manner, and after these defendants had paid him as stated in rhetorical paragraph 4 hereof, the plaintiff gave no further attention to said work, though many times requested by these defendants to complete said roof. That plaintiff left the scaffolding up for almost a year, thereby unreasonably interfering with the ingress and egress to defendants' home and making it difficult, inconvenient and dangerous. That he unnecessarily and wholly without reasonable cause delayed and neglected completing the construction of said roof, and left open spaces where he had torn off the old roof with no new roof covering the same, on account of which the rain ran into the house and damaged the ceilings and interior thereof. That he left defendants' said home in an almost uninhabitable condition while he was delaying, neglecting and refusing to complete said roof in speedy and timely manner as he had agreed to do. That these defendants had to take their own men, purchase additional materials such as felt roofing, gutters, copper valleys, four additional squares of cement shingles and necessary nails and rivets, to finally complete said roof in a good workmanlike manner, as the plaintiff himself had contracted and agreed to do. That said roof leaks. That plaintiff overcharged these defendants and did not give them the jobber's price as he agreed to do." That by reason of said breach appellees have been damaged in the sum of $500.

To this set-off appellant answered, denying that in the contract for materials he was to furnish any labor or superintend the construction of the work to be done on appellees' residence; that the sum of $314.88 paid to him by appellees was for an order which was no

part of his claim in this action, and denying that he had breached his contract.

The cause was tried to the court. It found for appellant on his complaint and entered judgment against appellees for $200. The court further found for appellees on their counter-claim (set-off), and entered judgment in their favor against appellant for $200. By its judgment the court further ordered that the costs in the Clerk's office occasioned by this action should be divided equally between the parties and that each of said parties should pay the costs of their respective witnesses.

The only error assigned here is that the trial court erred in overruling appellant's motion for a new trial. The specifications in this motion are, that the evidence is insufficient to sustain the findings of the court, and the judgment is contrary to law.

The rule that this court will not weigh evidence is so well established that it would be useless to cite authorities in support of the proposition. We have carefully examined the record in this case and there is ample evidence to sustain the findings and judgment of the trial court.

Appellant complains of the form of the judgment. It is provided by § 2-3231, Burns' 1933, as follows:

"No judgment shall be stayed or reversed, in whole or in part, by the Supreme Court, for any defect in form, variance or imperfection contained in the record, pleadings, process, entries, returns, or other proceedings therein, which, by law, might be amended by the court below, but such defects shall be deemed to be amended in the Supreme Court; nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

We are of the opinion the merits of this cause have been fairly tried and determined. Therefore, the judgment is affirmed.

NOTE.—Reported in 59 N. E. (2d) 363.