JAMES I. BARNES CONSTRUCTION COMPANY *v.*
WASHINGTON TOWNSHIP, ETC., ET AL.

[No. 19,721. Filed September 4, 1962. Rehearing denied October 19, 1962. Transfer denied April 16, 1963.]

462

*Nichols & Nichols,* of Knox, and *Stevens & Wampler,* of Plymouth, for appellant.

*Paul Reed,* of Knox, for appellees.

MYERS, J.—This is an action commenced by appellant, James I. Barnes Construction Company, a partnership, to recover the last payment due under a construction contract for the erection of a grade school building in Washington Township, Starke County, Indiana. Appellees filed an answer and cross-complaint asking damages for defective construction work, and alleging that the engineer's certificate was not issued in the exercise of honest judgment and was issued through gross mistake of fact.

A trial by jury was had resulting in a verdict in favor of appellees and against appellant. Damages were assessed at $22,500. The court rendered judgment upon the verdict in favor of appellees for the full amount of the damages. Appellant duly filed its motion for new trial, which was overruled, and this appeal followed.

The evidence most favorable to appellees reveals the following:

On November 12, 1958, appellees, by the township trustee and the township advisory board, entered into a written agreement with appellant for the construction of a school house according to certain plans and specifications prepared by a firm of professional engineers registered in Indiana, known as William H. Kashner & Associates. It was provided that appellant was entitled to final and complete payment upon receipt of an engineer's certificate of substantial completion. The contract price was in the total sum of $143,878. Payment thereof was to be made by the township trustee.

Thereafter work on the building was commenced and continued throughout the winter, spring and sum-

mer of 1959. An employee of Kashner & Associates, by the name of Zechiel, supervised the job and was responsible for its completion. Some time about August 21, 1959, there was a meeting at the school consisting of Mr. Kashner, Zechiel, the township attorney, the advisory board members, and the township trustee. At that time they inspected the building and in particular discussed the floors. The trustee said he would not accept the floors because they were composed of poured concrete which was very uneven. Appellant's representatives said they would do their best to straighten them out, and suggested the use of an asphalt compound called Sonomend. Subsequently, work was done on the floors with the use of Sonomend in an attempt to level them.

On September 8, 1959, a final certificate of payment was issued to the trustee on behalf of Kashner & Associates, signed and delivered by Zechiel. It showed the value of work done and materials furnished as being in the sum of the contract price, which was $148,130. Previous payments were shown to be $131,359.50, leaving an amount due of $1,957.50 for the contractor as of September 8, 1959, and a balance due of $14,813 to be paid within sixty-one days.

The school was supposed to have been open to students on September 8, 1959, but because work continued to be done on the premises during the following week, the school was not officially opened until September 14, 1959. All other schools in the vicinity had commenced the week of September 8th.

After receiving the engineer's certificate, the trustees paid Kashner & Associates the balance due them, but refused to pay appellant its balance due on the advice of the advisory board and his attorney.

Appellant argues that the verdict of the jury was not sustained by sufficient evidence. In support of this argument, appellant claims that the condition precedent to final payment was met when the engineer's certificate was issued on September 8, 1959; that, while this is not conclusive as to substantial performance on the part of the contractor, it must be regarded as *prima facie* correct, which can only be overcome by a showing of fraud or mistake; that this burden rested with appellees, and that they failed to show by competent evidence that there was such fraud or mistake.

It is a rule of law in Indiana that where a contract provides that work shall be done to the satisfaction, approval or acceptance of an architect or engineer, he is thereby constituted a sole arbitrator by the parties, who are bound by his decision in the absence of fraud or such gross mistake as to imply bad faith or a failure to exercise honest judgment. *Lake Mich. Water Co.* v. *U. S. Fidelity, etc., Co.* (1919), 70 Ind. App. 537, 541, 123 N. E. 703. His decision is not conclusive to the extent that it cannot be reviewed by a court. It is only *prima facie* correct, and the burden is upon the other parties to show fraud or mistake. *McCoy* v. *Able et al.* (1892), 131 Ind. 417, 423, 30 N. E. 528, 31 N. E. 453.

At the trial of the case, appellant introduced into evidence the contract and the engineer's certificate for final payment and rested. In so doing, appellant established a *prima facie* case.

In answer to this, appellees introduced into evidence as exhibits eighteen photographs purporting to be fair pictorial representations of the floors, foundation and walls of the school. Appellant calls attention to the fact that these pictures

were taken only two days before the trial, which was approximately a year and a half after the engineer's certificate had been issued. However, appellant made no objection to the introduction of this evidence on that ground. In fact, most of the photographs were admitted without any objection. Thus, it became a matter for the jury to determine their weight and materiality as evidence.

Witnesses, consisting of the photographer, a contractor, superintendent of schools, two members of the advisory board, a farmer who lived near the school, and the township trustee, testified that the floors were rough, uneven, "out of level" to the naked eye, "up and down like a roller coaster," did not conform to specifications and were of a poor quality of workmanship; that foundation cement was poured during the middle of winter at which time the temperature went down to zero or below; that because cement deteriorates when it is frozen, it was contrary to specifications to pour concrete upon foundation material which is frozen or shows evidence of frost action; that there were cracks in the walls of the building about every twenty lineal feet; that many of the cracks went through the concrete blocks which formed the walls; that this could have been caused by frozen concrete foundations as well as by settlement of the building; that there were leaks in the roof; that there were cracks in the ceiling; that there was a black mark along the bottom of a glazed tile wall which was caued by a troweling machine; that this scarred tile could only be replaced by jacking up the wall; that there were no slump, consistency and strength tests taken of the concrete in the foundation as called for by the specifications; that when it was decided to use Sonomend to smooth the floors,

Zechiel made the statement that it was a form of experimental material and he did not know how long it would stand up.

Appellant's rebuttal evidence consisted of the testimony of two architects, the sales manager for the company which manufactured Sonomend, appellant's superintendent, its manager, and Zechiel, who signed the certificate. The architects testified as experts who had examined the building shortly before trial. Their testimony varied from that of appellees' witnesses as to the quality of workmanship. They stated that, in their opinion, the building substantially conformed to plans and specifications. However, one of them said that if an architect found a cement floor to be so uneven that he attempted to level it with a material which he did not know would stand up through the years, he should not issue a certificate.

Zechiel denied making the statement that Sonomend was experimental and would not hold up. He testified that he did not observe some of the defects pointed out when he inspected the building; that he did not require certain tests to be made; that this was an average job and the main problem was to get the children to school on time; that there were irregularities in the floors and walls, but, in his opinion, they were acceptable so as to "get the kids in school." He stated that he had graduated from college in 1956 and had received his master's degree in 1957.

It is to be noted that the jury was granted permission to view the premises and did, in fact, inspect the school.

In our opinion, there was sufficient evidence, together with all reasonable inferences deducible there-

from, for the jury to have found that the engineer's certificate was not issued after the exercise of honest judgment by the engineer, or was issued as the result of gross mistake of fact on the part of the engineer.

Appellant argues that the verdict is contrary to law. This is based upon a conclusion by appellant that the evidence did not overcome the *prima facie* case made by the engineer's certificate and its acceptance by the trustee. However, as we have seen, after appellant had made its *prima facie* case, the burden of going forward with the evidence shifted to appellees. Whether or not there was such a gross mistake of fact or such a failure to exercise honest judgment on the part of the engineer as to overcome appellant's *prima facie* case was a matter to be determined by the jury. The evidence was conflicting. The jury found against appellant. This court cannot weigh that evidence, but is bound by the jury's verdict.

"It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law." *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669, 673.

We do not find the verdict to be contrary to law.

Appellant's final argument is that there is error in the amount of recovery in that the assessment of damages is too large. The contention is that the total contract price was in the sum of $143,878; that the net effect of the verdict is to benefit the township in the amount of $39,271.50, since the township recovered not only the sum of $22,500 by the jury's

verdict on the cross-complaint, but also it is relieved of the obligation to pay the balance due under the terms of the contract in the sum of $16,771.50 plus interest.

This case was tried upon the theory that the defects in workmanship and materials could not be repaired at a reasonable cost, and that the measure of damages would be the difference between the reasonable value of the building as constructed and the contract price for the building if it had been constructed according to plans and specifications. This measure of damages, under similar circumstances, has been upheld by this court. *Morris* v. *Fox* (1923), 79 Ind. App. 389, 135 N. E. 663.

The jury could have found from the evidence and reasonable inferences therefrom that the building could not be repaired at a reasonable cost. There was expert testimony that the building had a value of $50,000 less than the contract price. The jury found that appellant was not entitled to the final payment under the contract of $16,771.50, which means that appellant was not entitled to interest thereon. Deducting this sum from $50,000 leaves $33,228.50. The jury's verdict was in the sum of $22,500, or $10,728.50 less than could have been assessed as damages under the evidence presented. To put it another way, deducting $50,000 from the contract price, leaves the sum of $93,878. If the jury's award of damages and the balance due under the contract are added to that amount, the result is still $10,728.50 short of the contract price.

It has been held many times by this court that to reverse a judgment on the ground that the dam-

ages are excessive, it must appear that the damages assessed were so grossly and outrageously excessive as to induce belief that they were the result of prejudice, partiality or corruption. *Chi. & Cal. Dist. Transit, etc.* v. *Stravatzakes* (1959), 129 Ind. App. 337, 354, 156 N. E. 2d 902. We believe the jury fairly and impartially passed upon the question of damages in this case.

Judgment affirmed.

Cooper, P. J., and Ax and Ryan, JJ., concur.

NOTE.—Reported in 184 N. E. 2d 763.