HIPSKIND HEATING AND PLUMBING COMPANY, INC. *v.*
GENERAL INDUSTRIES, INC.

[No. 19,689. Filed February 17, 1965.]

*Max E. Hobbs* and *Halsey & Eggers,* of Fort Wayne,
for appellants.

*Robert Y. Keegan* and *Shoaff, Keegan & Baird,* of
Fort Wayne, for appellees.

ON PETITION TO TRANSFER

ARTERBURN, C. J.—This case is before us on pe-
tition to transfer from the Appellate Court under Acts

1933, ch. 151, §1, p. 800, being §4-215, Burns' 1946 Replacement. See 194 N. E. 2d 733 for opinion of the Appellate Court.

In this case a building in the processs of repairs by the installation of a sprinkler system was destroyed by fire. The destruction of a building which is the subject of the contract for repairs excuses the performance of the remainder of the contract as to each party. The majority rule is that an event unforseen which creates an impossibility of performance by reason of the destruction of the subject matter of the contract will excuse the performance thereof by each of the parties. 6 Williston, Contracts §1975, at 5549 (rev. ed. 1938).

However, that is not the exact question here. The question here is: may a contractor who was originally obligated to perform a contract with reference to repairs on a building which has been destroyed by fire recover for partial work done not on the expressed contract but on quantum meruit? The authority on the latter question is divided in this country. 6 Williston, Contracts §§1975, 1977, at 5551-5557, (rev. ed. 1938).

However, in Indiana it seems under the authority of *Krause* v. *Board, etc.* (1904), 162 Ind. 278, 70 N. E. 2d 264, 65 L. R. A. 111, this Court has said that it leaves both parties as it finds them in a case such as this and that neither can recover from the other if each is "equally blameless and irresponsible for the accident by which the property is destroyed."

Petition to transfer is denied.

Myers, Landis and Achor, JJ., concur.

Jackson, J., dissents with opinion.

## DISSENT

JACKSON, J.—This case comes to us on petition to

transfer from the Appellate Court under Acts 1933, ch. 151, §1, p. 800, being §4-215, Burns' 1946 Replacement. See 194 N. E. 2d 733 for opinion of the Appellate Court.

Appellant instituted its action below to foreclose a mechanics lien. The trial court rendered judgment on a directed verdict for appellee. From such judgment stems this appeal.

Issues were joined in the trial court on appellant's amended complaint, appellee's answer and appellant's reply.

Appellant's amended complaint alleged, in substance, that the parties entered into an oral contract for the installation by appellant of a sprinkler system in appellee's manufacturing plant buildings; that appellant had the work 40% completed when the entire property, including the installed portion of the sprinkler system, was destroyed by fire of unknown origin; that the portion installed had become a permanent part of the building and, therefore, belonged to appellee at the time of its destruction; that appellant demanded payment for the completed portion of the contract, but appellee refused and still refuses to pay; that appellant duly filed notice of intention to hold a mechanics lien; that a reasonable value for the portion completed is $7,525.60, and a reasonable fee for its attorney is $2,000.00. The prayer for relief asked for judgment in the sum of $10,000.00.

Appellee tested the amended complaint by demurrer, which omitting the heading and formal parts thereof reads as follows, to-wit:

"The Defendant demurs to Plaintiff's amended complaint for the reason that the amended complaint does not state facts sufficient to constitute a cause of action against this Defendant.

"s/Shoaff Keegan & Baird
Attorneys for Defendant

### "MEMORANDUM

"The Plaintiff's Complaint seeks to recover on a quantum meruit for work done and material furnished under an oral contract by a contractor in installing a sprinkler system in Defendants' factory building, which factory building and Plaintiff's installation therein were completely destroyed by fire without fault of either party when such work was approximately forty (40%) per cent completed. Under the rule in Indiana, the risk of loss incident to the destruction of a building after part performance of a contract to install fixtures therein falls wholly on the contractor and, to that extent, the law leaves the parties as it finds them and requires each of the parties to suffer his own loss. The contractor is released from the obligation to complete the work, and similarly, the owner is released from the obligation to pay the contract price or the value of the work done and material furnished to the date of the destruction under theories of quantum meruit."

Thereafter, on May 27, 1960, the demurrer was overruled with exceptions to the defendant.

Thereafter, appellee filed answer to appellant's amended complaint in which appellee admitted that the parties entered into an oral agreement for the installation of the sprinkler system; that the work was commenced, but denied that the work was 40% completed; admitted appellant's allegation concerning inability to complete the work and the filing of the notice of mechanics lien; denied appellant's allegations concerning the amount of work and materials furnished, that the installation became a part of the building, that payment was demanded and refused, and denied the alleged reasonable value of the work and attorneys fees.

Appellee, by way of affirmative allegation and its answer, alleged that the total price for the installation was payable when the installation was completed to the satisfaction of the appellee and when the work was ac-

ceptable to the Indiana Rating Bureau. Appellant, by its reply, denied these allegations.

Thereafter, at the request and by agreement of counsel, the court set the date for trial as February 7, 1961, at 9:30 a.m.

The preliminary operations under the contract started on March 17, 1958, and actual operation on the project started May 13, 1958, and continued until the manufacturing building burned on June 16, 1958. The evidence is that appellant's workmen left the project at 4:30 in the afternoon of June 16, 1958, and the fire occurred shortly thereafter, and that by 5:30 on the same day the entire structure was in flames.

The evidence is that some of the equipment and fittings close to the building were salvaged and were not included in the charge made against the appellee since it was returned to the appellant's inventory. The evidence was to the effect that the records in appellant's company showed the value of the materials installed in appellee's plant was approximately $7,400.00 which included the cost of installation.

Appellant, after the fire, furnished the appellee a statement for the work completed at the time of the fire and requested payment, which payment was refused by appellee. Appellant thereafter filed notice of mechanics lien and instituted its suit to foreclose the lien.

At the close of appellant's evidence the appellee moved for a directed verdict against the plaintiff-appellant, such motion was granted by the court and judgment was entered thereon that the plaintiff take nothing by its complaint and that the plaintiff pay the costs of the action. Thereafter, appellant filed its motion for a new trial on the single ground that "[t]he decision of the court is contrary to law." The motion for new trial was overruled and appellant filed its assignment of errors which sets forth one error only, namely that the court

erred in overruling appellant's motion for a new trial. Such assignment, omitting formal parts thereof, reads as follows:

"The appellants aver that there is manifest error in the judgment and proceedings in this cause, which is prejudical to appellants, in this: The court erred in overruling appellants motion for a new trial."

We are confronted with a rather unusual situation in the case at bar in that the answer of the appellee admits that the appellant commenced the installation of the sprinkler system and that the work was continued until appellee's building was completely destroyed by fire of unknown origin. Such answer denies that the installation was approximately 40% completed and said answer further admitted and denied certain portions of appellant's complaint which we think are not now of importance in this cause.

Thereafter, appellant proved by witnesses placed on the stand the pertinent allegations of the complaint including the beginning of the work, continuance thereof until the destruction of the property by fire, and further by such evidence fixed the value on the property that was actually installed in appellee's building together with the cost of such installation in the sum of $7,400.00.

Appellant further proved the filing of the appellant's notice of mechanics lien, the recording of such notice and introduced proof of such lien as evidence. None of the foregoing has been denied by the appellee.

It is apparent herein that the parties have lost sight of the nature of the action instituted by the appellant herein. Such action is denominated and pursued as an action to foreclose a mechanics lien. Appellant in its behalf has proved the execution of the contract, the value of the property installed thereunder, the filing of

the lien, the giving of notice thereof, and the subsequent filing of the complaint to foreclose said lien.

The parties are proceeding and have cited numerous and cogent authority pro and con, each in support of their own position, that under the circumstances where a contract for the construction or installation of certain improvements or fixtures is determined by an act outside the control of either of the parties thereto, that only one question is involved: "Where repairs or improvements are being made to an existing building and the building is destroyed without fault of either party, before the repairs or the improvements are completed, does the loss fall on the contractor or the owner?"

We think that where the action is instituted for a specific performance of contract the question so posed would be the only question in issue, however, we point out that in this particular cause now before the court the action is predicated on the foreclosure of a mechanics lien and therefore the controlling question before the court would be resolved by the answer to the following question: "Is a mechanics lien still good even though the building for which the labor and material were furnished is destroyed by fire before the filing of the notice of the lien?"

This question was decided in the affirmative in the case of *Smith et al.* v. *Newbaur et al.* (1896), 144 Ind. 95, 101, 102, 42 N. E. 40, 42 N. E. 1094. The court there held that when the work had been done or the material furnished the right to take the lien upon complying with the statutory requirements becomes fixed, and is not lost, so far as the land is concerned by the destruction of the buildings prior to the filing of the notice. See also: *Bratton* v. *Ralph et al.* (1896), 14 Ind. App. 153, 42 N. E. 644; *Holland* v. *Farrier* (1921), 75 Ind. App. 368, 375, 130 N. E. 823; Phillips Mechanics Liens, §§12 and 304A; 74 A. L. R., p. 428; 19 I. L. E., Me-

chanics Lien, §75, notes 48, 49 and 50; 19 West Ind. Digest, Mechanics Liens, §231.

Plaintiff having elected to foreclose a mechanics lien, and after giving proper notices thereof, made the necessary proof with respect thereto, and having filed suit to foreclose such lien, this court has no alternative but to hold that in sustaining appellee's motion for a directed verdict and in denying appellant's motion for a new trial, the trial court committed reversible error.

The cause should be remanded with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 204 N. E. 2d 339.