Harold A. SMITH, Appellant (Defendant and Counter-Plaintiff Below)

v.

BRUNING ENTERPRISES, INC., Appellee (Plaintiff and Counter-Defendant Below).

No. 1–181A9.

Court of Appeals of Indiana, First District.

Aug. 17, 1981.

Robert L. Sheaffer, Shelbyville, for appellant.

Robert D. Jones, Morristown, for appellee.

ROBERTSON, Judge.

Harold A. Smith (Smith) appeals the judgment rendered in favor of Bruning Enterprises, Inc. (Bruning). The trial court found Bruning had an enforceable mechanics' lien and awarded Bruning the amount of the lien and attorneys' fees.

We affirm.

Smith and Bruning entered into a contract in which Bruning agreed to construct a grain handling, drying, and storage system in October, 1976. Bruning finished a portion of that system in December of that year and was then paid for that portion. In the spring of 1977, Bruning proceeded to finish the construction. The system failed to operate correctly during the harvest. Smith alleged that he lost approximately one hundred bushels of wheat and fifty bushels of soybeans due to the malfunctioning of the system. The system was designed to be operated by only one person, but due to the malfunctioning, Smith alleged that two or three other persons were needed to push the grain through the system.

Smith alleged that the system had two malfunctions: the pipes for moving the grain leaked and the floor of the dump pit would retain water in certain areas of a depth of two to three inches causing some of the grain to spoil. In May of 1978, Bruning, at the request of Smith, relocated certain apparatus of the storage bins. Bruning had previously done some sealing and taping work on the pipes. On March 29, 1979, Smith refused to pay Bruning the remaining portion of the contract, approximately ten thousand dollars, because he claimed the work was not complete. Bruning did additional taping and sealing work on the pipes on July 11, 1979. Bruning presented evidence that the dump pit was level but that it retained water because the drain system, which was to be built by Smith, was not constructed according to specifications and caused the standing water. Smith alleged the problem was caused by an improper placement of the drain. Bruning filed his mechanics' lien of August 15, 1979, and Smith countersued, seeking damages due to malfunctioning of the system.

The trial court initially found in favor of Smith and awarded one thousand dollars in damages. Bruning filed a motion to correct errors and a hearing on this motion was held. The trial court granted Bruning's motion and entered the following final judgment:

The Court now determines that the Motion to Correct Errors should be granted, and the Judgment previously set is hereby vacated and set aside. The Court now rules in favor of the plaintiff in the amount of $9,664.40 plus interest of $1,760.60, plus costs of this action. The Court finds the Mechanics' Lien was proper, and awards $999.00 in attorney fees and Finds for the defendant on the defendant's counterclaim in the nominal sum of $1.00.

Smith alleges the trial court erred by finding that Bruning was entitled to a mechan-

ics' lien, that this finding is contrary to the evidence, that he was awarded inadequate damages, that the trial court erred by striking some exhibits offered by Smith, that the trial court entered a new judgment on a completely new theory, and that the trial court erred by failing to make specific findings of fact and conclusions of law.

On appeal, this tribunal may only consider the evidence most favorable to the prevailing party with all reasonable inferences thereto, and the judgment will not be disturbed if there exists evidence of probative value to sustain the trial court's decision. *Jos. Schlitz Brewing Co. v. Central Beverage Co.*, (1977) 172 Ind.App. 81, 359 N.E.2d 566. Furthermore, our standard of review precludes this court from weighing the evidence or judging the credibility of witnesses. *Wallace v. Rogier*, (1979) Ind. App., 395 N.E.2d 297.

Smith argues the trial court erred in finding a mechanics' lien and that this finding is not supported by sufficient evidence. Smith alleges that Bruning failed to file their lien within sixty days pursuant to Ind.Code 32–8–3–3. Smith alleges that the work done by Bruning on July 11, 1979, was unsolicited repair work and merely an attempt to expand the time limitations of IC 32–8–3–3. Smith's argument must fail because there are two grounds to support the trial court's decision: the lien was timely filed and estoppel.

The record reveals that Smith refused to pay Bruning on March 29, 1979, alleging that the work was incomplete. In *Gooch v. Hiatt*, (1975) 166 Ind.App. 521, 337 N.E.2d 585, it was held that when a party who refuses to make final payment because the work is allegedly incomplete, that party is later estopped from claiming that the work was completed prior to the additional work and that the lien was untimely filed. There was sufficient evidence for the trial court to conclude that the sealing and taping work on the pipes was a result of a long and continuing dispute between Smith and Bruning. The essence of Smith's argument invites this court to reweigh the evidence. The trial court was justified in finding that

Smith was estopped from challenging the completion date and that the lien was properly filed.

Smith alleges that the trial court's award of damages is inadequate and urges that we restore the previous judgment of one thousand dollars by the trial court. The awarding of damages may not be based on mere conjecture, speculation or guesswork. *Wallace v. Rogier, supra.* The record establishes that Smith may have been harmed by the malfunctioning of the grain system, but the evidence failed to establish the extent of his losses. Smith offered guesses to prove the amount of grain lost and various market prices. Bruning was able to demonstrate that the evidence presented by Smith was extremely uncertain. Since the evidence supporting the damages was speculative, the trial court properly awarded nominal damages.

Smith argues that the trial court erred in striking exhibits offered by Smith. The exhibits consisted of certain pictures of the grain system. These pictures were taken one year after the date that Bruning completed the work. The evidence was conditionally admitted subject to a later connection for relevancy. The trial court later struck the exhibits. The relevancy of evidence is a question for the sound discretion of the trial judge and will only be reversed where a clear abuse of that discretion has been shown. *Indiana National Corp. v. FACO, Inc.* (1980) Ind.App., 400 N.E.2d 202. We remain unpersuaded that the striking of exhibits depicting the grain system one year after the completion date constitutes an abuse of discretion and furthermore, we fail to see how Smith was harmed by the ruling of the trial court because the evidence was cumulative in nature.

Smith argues that the trial court erred in granting Bruning's motion to correct errors. The trial court's entry stated it was vacating and setting aside its prior judgment. The final judgment awarded Bruning the amount of its lien and granted attorneys' fees. Smith alleges that the trial

court entered a new judgment on a completely different theory than what was presented at trial and that such action is not authorized by Ind. Rules of Procedure, Trial Rule 52 and 59. Smith also alleges that the trial court failed to specify the general reasons for its actions pursuant to T.R. 59. Due to the alleged errors, Smith claims that the trial court could have only granted a new trial. Although the final judgment could have been drafted more clearly, we believe that the trial court was altering or amending its prior decision pursuant to T.R. 59(J)(3). The judgment contained a general reason for its determination: a valid mechanics' lien. This was the theory which Bruning forwarded at trial.

 The final argument submitted by Smith is that the judgment of the trial court is contrary to law because the trial court failed to make specific findings of fact. Smith argues that the trial court failed to make either general or specific findings as required by T.R. 52. Neither party requested special findings of fact. In the absence of a request for findings of fact, the general judgment entered by the trial court is presumed to be based on findings supported by the evidence and if the judgment is sustainable on any legal theory, it must be affirmed. *Ray v. Goldsmith,* (1980) Ind.App., 400 N.E.2d 176. The trial court entered a general judgment on behalf of Bruning and the judgment is supported by either the theory of estoppel or by the evidence itself.

Judgment affirmed.

NEAL, P. J., and RATLIFF, J., concur.