**MARSHALL COUNTY REDI–MIX, INC. and Wright-Denaut Construction Co., of Plymouth, Indiana, Appellants (Plaintiffs),**

v.

**Laverne MATTHEW and Martha P. Matthew, Appellees (Defendants).**

**No. 3–682 A 110.**

Court of Appeals of Indiana, Third District.

April 26, 1983.

Rehearing Denied June 7, 1983.

B. Patrick Maloy, Mulligan & Maloy, North Judson, for appellants.

Orville W. Nichols, Nichols, Wallsmith & Weaver, Knox, for appellees.

STATON, Judge.

Marshall County Redi-Mix, Inc. and Wright-Denaut Construction Co. sued Laverne Matthew and Martha Matthew to foreclose on a mechanic's lien lodged against the Matthews' property. The Matthews counterclaimed, seeking damages. The trial court found for the Matthews on both the foreclosure suit and the counterclaim and awarded them $1,700.00 damages. Marshall County Redi-Mix, Inc. and Wright-Denaut Construction Co. appeal.

Two issues are presented on appeal:

(1) Whether the mechanic's lien was unenforceable because the cement floor froze before it was completed; and

(2) Whether the Matthews were entitled to damages on their counterclaim.

Affirmed in part; reversed in part.

Laverne Matthew and Martha Matthew contracted with Marshall County Redi-Mix, Inc. and Wright-Denaut Construction Co. (hereinafter "contractors") to install and seal a concrete floor in a building which the Matthews were constructing. The Matthews planned to use the building to display and store antique cars. The floor was poured on January 3, 1980 and troweled on January 4. Because of the cold weather, the contractors supplied straw which Mr. Matthew spread over the concrete. Despite

this precaution the concrete froze, causing the top one-sixteenth of an inch to crack and crumble. Later in January, Mr. Matthew met with representatives of the contractors and General Portland Cement, but reached no agreement as to how to correct the problem. The Matthews finished the building and stored antique cars and stereo equipment in it. They did not pay for the floor, so the contractors sued to foreclose their mechanic's lien on the property. The cases were consolidated, and the Matthews filed a counterclaim, alleging that the contractors were responsible for the concrete freezing and seeking damages in the amount necessary to remove the floor and lay a new one. The parties stipulated that the contractors were joint venturers or partners in the project. They further stipulated, in open court, "that the material was satisfactory, and the workmanship was satisfactory. The sole problem was the freezing of the concrete." (Record, p. 82).

## I.

### Enforcement of the Mechanic's Lien

■ In establishing their right to foreclose, the burden was on the contractors to prove that the lien met the statutory requirements. *Blade Corp. v. American Drywall, Inc.* (1980), Ind.App., 400 N.E.2d 1183. *See* IC 1976, 32–8–3–1 *et seq.* (Burns Code Ed., Repl.1980). The Matthews have not alleged any failure to comply with the applicable statutes. The owner of the property subject to a mechanic's lien may file a set-off, *see Goodwin v. Schwartz* (1945), 115 Ind.App. 422, 59 N.E.2d 363, or a counterclaim to the lienholder's complaint. *Jose-Balz Co. v. DeWitt* (1931), 93 Ind.App. 672, 176 N.E. 864. The Matthews filed a counterclaim, asserting that the concrete froze, rendering the floor unsuitable and that the contractors were responsible. At the time the concrete froze, the floor had been poured but not yet sealed.

■ On review we must consider the factual stipulations made by the parties. Generally, stipulations of fact are favored because they simplify and expedite litigation. *Raper v. Union Federal Savings &*

*Loan Ass'n.* (1975), 166 Ind.App. 482, 336 N.E.2d 840, 844. Once the parties have stipulated to a fact or set of facts, that stipulation is conclusive upon those parties and upon the court, *Reynolds Metal Co. v. Indiana Department of State Revenue* (1982), Ind.App., 433 N.E.2d 1, 10, unless the stipulation has been withdrawn, or the matter is obviously intended to be at issue. *Raper, supra. See* 9 Wigmore, *Evidence* § 2590 (Chadbourn rev. 1981). Although parties may stipulate to "ultimate" as well as "specific" facts, 1 Williston, *Contracts* § 204A (3d Ed.1957), they may not stipulate as to the legal effect of those facts because the law is determined by the court. *Raper, supra; Williston, supra.*

■ In this case, the parties stipulated that the materials and workmanship were satisfactory. We must give effect to that stipulation. The stipulation that the materials were satisfactory prevents us from considering any evidence regarding the suitability of the materials used. Likewise, the stipulation that the workmanship was satisfactory precludes consideration of evidence regarding any fault of the contractors in the method used, and in installing the floor. However, even absent fault, the contractors cannot enforce their lien against the Matthews.

■ Where the subject matter of a construction contract has been destroyed during construction through no fault of the property owner, the contractor cannot enforce a mechanic's lien. *Hipskind Heating & Plumbing Co. v. General Industries, Inc.* (1963), 136 Ind.App. 647, 194 N.E.2d 733, *trans. denied,* 246 Ind. 215, 204 N.E.2d 339. In determining whether the loss was total, we consider only the evidence most favorable to the judgment of the trial court and the reasonable inferences which may be drawn from that evidence. *Smith v. Bruning Enterprises, Inc.* (1981), Ind.App., 424 N.E.2d 1035, 1037. We will affirm the trial court's judgment if there is evidence of probative value to sustain it. The record contains expert testimony that one method of repairing the floor would be to remove

the old floor and lay a new one. This is sufficient to support the judgment of the trial court discharging the liens. The partial use of the building by the Matthews does not prevent them from claiming the loss. *Cf. Jose-Balz Co., supra* (Occupation of the premises does not prevent the filing of a counterclaim if the owner complained to the contractor upon discovery of the defect).

Because the record contains evidence that the floor froze through no fault of the Matthews and that one method of repair would require removal of the entire floor, we affirm the trial court's discharge of the mechanic's lien.

## II.

### Counterclaim for Damages

■ The Matthews contend, in their counterclaim, that the freezing was the contractor's responsibility and seek damages in an amount sufficient to remove and replace the concrete floor. If the floor had been damaged through the fault of the contractors, the Matthews could bring an action to recover the cost of repairs. *See Jose-Balz Co., supra.* In this case, however, the Matthews stipulated that the workmanship was satisfactory. To allow them to recover damages based on the contractor's fault or negligence would be to fail to give conclusive effect to a stipulation.

■ When the subject matter of a contract is destroyed through no fault of either party, each party bears its own loss. *Rossville Alcohol & Chemical Corp. v. Steel Construction Co.* (1937), 104 Ind.App. 515, 8 N.E.2d 1016; *cf. Hipskind Heating, supra.* We have held that the Matthews were not at fault; therefore, the lien cannot be enforced. By stipulation, the contractors were also not at fault. Therefore, the Matthews cannot recover damages in addition to the discharge of the mechanic's lien; each party must bear its own loss. For these reasons, we reverse the trial court's award of damages to the Matthews on their counterclaim.

Affirmed in part; reversed in part.

HOFFMAN, P.J., concurs.

GARRARD, J., dissents with opinion.

GARRARD, Judge, dissenting.

I agree that under the evidence produced at trial the court could properly have found the contractor liable for damages resulting from the frozen floor. 17A *C.J.S. Contracts,* Section 515; 13 AM.JUR.2D *Building & Construction Contracts,* Section 64. Since those damages exceeded the claimed lien amount, the court did not err in discharging the lien and refusing to award attorney fees to the contractor. Indiana Rules of Procedure, Trial Rule 13(C), IC 32-8-3-14.

However, I believe the majority has overextended the meaning of the stipulation entered into by the parties to reach its final conclusion. While they agreed that the "material" and "workmanship" was satisfactory, they additionally agreed that the issue for trial was responsibility for the freezing of the concrete.

It appears to me that the parties and the trial court treated the stipulation as obviating inquiry into the quality of the materials or the workmanship that went into pouring the floor. I believe we should do likewise.

Furthermore, it is our duty to affirm the trial court if the judgment can be sustained on any viable ground supported by the evidence. *Estate of Fanning* (1975), 263 Ind. 414, 333 N.E.2d 80.

Having appropriately found the contractor liable for the damage caused by the freezing of the concrete, the trial court was confronted with proof of damages. Ordinarily, the measure of such damage is the cost of repair. *Orto v. Jackson* (1980), Ind. App., 413 N.E.2d 273. When repair is not reasonable, the difference between the reasonable value of the building as constructed and the contract price may be used. *James I. Barnes Const. Co. v. Washington Twp.* (1962), 134 Ind.App. 461, 184 N.E.2d 763.

The owners' evidence showed damages up to $8000 and the decision was within the evidence.

I would therefore affirm the judgment.